Ex parte Grant, adm'r *de bonis non*, of the estate of McCord, dec'd.

# Ex parte GRANT, adm'r *de bonis non*, of the estate of McCORD, dec'd.

1. A Judge of the Circuit Court is not authorised to award a *mandamus* in vacation, and the refusal to do so, however meritorious the grounds of the application may be, does not authorise the Supreme Court in virtue of its general superintendence and control of inferior jurisdictions, to grant the writ.

The petitioner states that he became administrator, *de bonis non*, of the estate of David McCord, dec'd, by appointment of the orphans' court of Dallas, in 1838; in November, 1843, he filed his accounts, &c. for the purpose of a final settlement of the estate, and the then judge of that court, appointed the 21st of December last, as the day on which the same would be made. That before that day, the then Judge was superseded by the election of Addison J. Saffold to the judgeship. The present Judge, was of counsel for the petitioner, and under the direction of the statute, certified the same to the Judge of the circuit court, who, in obedience to the statute, appointed three persons as commissioners, to audit and settle the administration accounts, and to make distribution of intestate's estate. *It is further stated,* that two of three persons thus appointed, had refused to act, that an application had been made to the circuit Judge in vacation, for a *mandamus,* who declined awarding the same upon the ground that the law made no provision for compensating the commissioners, and consequently it was not compulsory upon them. Upon these facts, together with others, which need not be noticed, the petitioner prays this court to award a *mandamus* to the Judge of the circuit court, commanding him by the same process, to compel the commissioners to perform the duties which the law devolved upon them, in virtue of his appointment.

Downman, for the petitioner.

COLLIER, C. J.—The writ of *mandamus*, especially of late years, has been extensively used, and is certainly a most valuable auxiliary in the administration of remedial justice. It is ap-

propriately employed in many cases, where a party has a clear legal right, and no other adequate legal remedy. But we do not remember any case in which the Judge, unauthorised by statute, or rule of court, has ever awarded it in vacation. Mr Blackstone says, "a writ of *mandamus* is, in general, a command issuing in the King's name, from the court of King's bench, and directed to any person, corporation, or inferior court of judicature within the King's dominions, requiring them to do some particular thing therein specified, which appertains to their office and duty, and which the court of King's bench has previously determined, or at least, supposes to be consonant to right and justice." [3 Black. Com. 110. See also, 6 Dane's Ab. chap 186, art. 2.]

In the present case, no application has been made to the circuit court for a *mandamus*, but merely to the Judge of that court, who in our opinion could only entertain the petition in term time, and in open court. The refusal then, was a matter of course, and whatever may be the merits of the petitioner's case, which we purposely avoid considering, it is clear, that there has been no erroneous decision against him.

We have repeatedly held that the constitution inhibits the exercise of original jurisdiction in a case like the present; but that we would, in order to give us a *general superintendence and control over inferior jurisdictions*, entertain such a case, where the tribunal, the next in grade, had refused to act, or acting, had misapprehended the law. It results, that the application for a *mandamus* must be denied, at the cost of the petitioner.