## JENKS v. EDWARDS, use, &c.

1. Where a suit is brought in the name of one person, for the use of another, the
defendant may plead either in bar or abatement, that the nominal plaintiff was
dead *at the commencement of the suit.*

Writ of error to the circuit court of Wilcox.

This was an action of *assumpsit* on a promissory note, in the
name of Edwards, for the use of Burke & Ratcliff, against the
plaintiff in error. The defendant below pleaded in bar, that the
plaintiff, Edwards, ought not to have and maintain his action, be-
cause he departed this life previous to its commencement. To
this plea there was a demurrer, which, being sustained, the de-
fendant declined to plead over, and a judgment by default was
rendered against him.

Bethea, for the plaintiff in error. The plea was a bar to the
action, and, as such, properly pleaded. [1 Chitty's Plead. 434, 465.]

Dear, for the defendant.

COLLIER, C. J.—The act of 1812 enacts, that where any person shall institute a suit in the name of another, for his own use, the death of the person, in whose name the suit is instituted, shall not abate the same; but the suit shall progress, and be tried in the same manner as though it was actually brought in the name of the person for whose use it was instituted. [Clay's Dig. 313, sec. 3.] This statute only renders unnecessary the revival of the action where the nominal plaintiff dies during its pendency; but it does not authorize the institution of a suit in the name of him who appears to have the legal interest in the cause of action, if he is dead. Such a case is unaffected by statute in this State, and the personal representatives must, as at common law, be the actors of record.

It is said, whenever the subject matter of the plea or defence is, that the plaintiff cannot maintain a suit at any time in respect of the supposed cause of action, it may, and usually should be pleaded in bar; but matter, which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should, in general, be pleaded in abatement. [Chitty's Plead. 3 Am. ed. 435.] Chitty, in treating of pleas in abatement, observes that, "Pleas to the disability of the plaintiff, showing that he is incapable of commencing or continuing his suit, either deny his existence, as that he, or one of several plaintiffs, at the time of the commencement of the suit, was a fictitious person, or dead." [Ibid.; see, also, 1 Saund. on Plead. & Ev. 2.]

Comyn lays it down, that if the plaintiff dies before the original writ purchased, the writ is abateable on plea. *Further*, a bankrupt cannot sue in his own name for the benefit of his creditors; and though, by the ancient doctrine, this might be objected to by plea in abatement, yet it should seem now to be objectionable by plea in bar only. [See 15 East's Rep. 622, and 1 Com. Dig. 60, E. 17.] Dane says the general principle is, if the plaintiff's disability to sue be *perpetual*, it is in bar, as then he never can have his action; but if it is only *temporary*, it must be pleaded in abatement. [5 Dane's Ab. 693, chap. 176, art. 4] The learned author states many cases illustrative of the principle, and some in which it is allowable to plead either in bar or abatement. Thus the defendant may plead, either in bar or abatement, that the plaintiff is an *alien enemy*, for the cause of action is forfeited; but that he is an *alien friend* is only pleadable in abate-

ment; except in real actions; where the bar is perpetual. So where *outlawry* operates a forfeiture of the cause of action, it may be pleaded in bar or abatement.

In the case of the Society for Propagating the Gospel v. The Town of Pawlet and another, [4 Peters' Rep, 480,] the court said, that if the defendants meant to insist on the want of a corporate capacity in the plaintiffs to sue, they should have interposed a special plea in abatement or bar; that by pleading to the merits, the capacity of the plaintiffs to sue, was admitted. [See, also, Yeaton v. Lynn, 5 Peters' Rep. 224.] The case cited from 4 Peters, was an action by a corporation; but it is apprehended that the same principle would apply to a suit in the name of a person supposed to have a natural existence. In The Mayor and Burgesses of Stafford v. Bolton, [1 Bos. & Pul. Rep. 40,] the court were of opinion, that if there were no such corporation, the fact might be pleaded specially in bar; but if there was a mere variance between the true name of the corporation and that in which the suit was brought, advantage must be taken by plea in abatement. Chief Justice Eyre, in that case, cited, with apparent approbation, Brooke's Ab. Misnomer, 93, which seems to consider a corporation and a natural person, in respect to the point we are considering, in the same situation.

Our conclusion from the authorities is, that where the plaintiff's disability is such that it cannot, *in rerum natura*, be removed at any time in future, the defendant may allege it either in bar or abatement. The general principle stated in all the elementary books, would seem to warrant such a conclusion, and the authorities which do not affirm it, merely determine that the death of the plaintiff, previous to the commencement of the suit, may be pleaded, without denying that a special plea in bar would not be allowed. Why should not a plea in that form be good? The nature of it is such, that it cannot give the plaintiff a better writ that he may institute another suit; and a verdict, upon an issue thus formed, against the plaintiff, will not bar an action by his personal representatives, founded upon the same cause. Upon principle, then, we think the plea relied on, in the present case, was well pleaded; and, not being opposed by precedent, the demurrer of the plaintiff should have been overruled. The consequence is, the judgment of the circuit court is reversed, and the cause remanded.