TAIT, USE, &c. v. FROW.

8  543
95  644

1. Where a writ of *capias ad satisfaciendum* issues at the suit of one man for the use of another, the defendant is arrested thereon, and enters into bond with sureties, payable to the nominal plaintiff, for the use, &c. as expressed on the face of the process ; conditioned that the defendant will continue a prisoner within the limits of the prison bounds ; in an action brought thereon in the name of the obligee for the benefit of the party shown to be really interested, a surety is not estopped from alledging that the obligee died previous to the institution of the suit. Nor does the bond amount to an admission that the obligee was living when it was executed.

2. The statute renders unnecessary the revival of a suit brought in the name of one person for the use of another, where the nominal plaintiff dies during its pendency, but it does not authorise the commencement of a suit in the name of such party, if he be dead; and the defendant may plead his death either *in bar* or *abatement*.

Writ of Error to the Circuit Court of Dallas.

THIS was an action of debt, at the suit of the plaintiff in error against defendant, on a bond dated the 29th March, 1842, in the penal sum of seven thousand seven hundred and twenty-six dollars, executed by Elias Parkman as principal, and the defendant, together with Philip J. Weaver as his sureties, and payable to Caleb Tait, for the use of Edward W. Marks ; conditioned, that Parkman, a prisoner in the jail of Dallas county, at the suit of Caleb Tait, use of E. W. Marks, should continue a true prisoner within the limits of the prison bounds, &c.

The defendant, among other pleas, pleaded in bar, that the nominal plaintiff, Tait, departed this life previous to the commencement of the action. To this plea the plaintiff demurred, and his demurrer being overruled, he replied, that the bond declared on was taken in conformity to the statute in such cases provided ; that Tait was a nominal plaintiff, and that the defendant well knew he was dead before the bond was executed. The defendant demurred to the replication, his demurrer was sustained, and the plaintiff declining to amend, or plead further, a judgment was rendered against him for costs.

G. W. GAYLE, for the plaintiff in error, made the following points:

1. The death of the nominal plaintiff should have been pleaded in abatement. It should have been averred in the plea that Tait died after the bond was executed, or if previously, that the defendant was ignorant of the fact when he subscribed the bond. If Tait was dead when the bond was made, Marks was in effect the legal obligee, and might sue thereon in his own name.

2. The bond is itself a record, and no plea can attack its validity; this can only be done by writ of error. [1 Chitty's Pl. 355; 5 Sergt. & R. Rep. 65; 16 Johns. Rep. 55.]

3. The replication is an answer to the plea; for if Tait was dead when the bond was executed, and that fact was known to the defendant, he would be estopped from pleading it. [Chitty on Bills, 177–8, and note 2; 1 H. Bl. Rep. 288; 1 Camp. Rep. 180, C; 1 Chitty's Pl. 249, and note 1; 3 Taunt. Rep. 504; 1 Saund. on Pl. and Ev. 42.]

C. G. EDWARDS, for the defendant, insisted, that a suit could not be brought in the name of a dead man; that the replication did not set up matter of estoppel; and that the plea was good either in abatement or bar. [Jenks v. Edwards, use, &c. 6 Ala. Rep. 143.]

COLLIER, C. J.—It is a rule of very extensive application, that where one admits a fact or deed, either by reciting it in an instrument executed by him, or by acting under it, he shall not be received to deny its existence. But when the truth appears from the same deed or record, which would otherwise work the estoppel, then the adverse party shall not be estopped to take advantage of the truth. The obligors in the bond declared on do not admit that Tait, the nominal plaintiff in the execution, was living; the recital which precedes the statutory condition merely states the fact, that Parkman, the principal obligor, was a prisoner in the jail of Dallas county, at the suit of Caleb Tait, use of E. W. Marks, &c. True, Tait, for the use of the same individual, is made the obligee, yet this was intended merely that the bond might conform to the statute, which provides, that " Any prisoner imprisoned in a civil action may enter into bond with sufficient security to the plaintiff in double the sum of the debt or damages,

&c." It cannot be said that the obligors have made any admission, either impliedly or expressly, in respect to the state or condition of the nominal or real party in interest. They admit that process, such as is recited, was in the sheriff's hands, and that Parkman had been arrested under it ; but whether that process was at the suit of a living man, or in despite of all objections is valid, are questions not within the scope of the act done, and consequently not concluded by it. This we think perfectly clear, when the character of the bond, and the circumstances under which it was prepared and executed, are looked to.

It is provided by statute, where any person shall institute a suit in the name of another, for his own use, the death of the person for whose use the suit is instituted, shall not abate it ; but the same shall progress and be tried in the same manner as if the suit was instituted in the name of the person for whose use it was brought. [Clay's Dig. 313, § 3.] This act, it has been held, renders unnecessary the revival of the action, where the nominal plaintiff dies during its pendency ; but it does not authorise the institution of a suit in the name of him who appears· to have the legal interest in the cause of action, if he is dead. Such a case is unaffected by statute in this State, and the personal representatives must, as at common law, be the actors of record. [Jenks v. Edwards, use, &c., 6 Ala. Rep. 143.] It is clear then, that the suit could not be instituted in the name of Tait after his death ; whether, as he was dead at the time the bond was executed, the legal interest enured to his personal representative, or vested in Marks, the beneficial plaintiff, are questions which are not now presented, and we consequently forbear to consider them.

In Jenks v. Edwards, use, &c. *supra,* it was held, that where a suit is brought in the name of one person for the use of another, the defendant may plead either in bar or abatement, that the nominal plaintiff was dead *at the commencement of the suit.* The objection to the plea, that it does not allege that Tait died after the bond was executed, or if previously, that the defendant was then ignorant of the fact, is sufficiently shown by the view taken, not to be defensible.

It results from what has been said, that the judgment must be affirmed.