## HENDERSON v. BANK AT MONTGOMERY.

1. A witness who swears that he knows the hand-writing of a person, is *prima facie* competent to testify in relation to it, without stating the source of his knowledge.

2. An agent of the bank being required to produce a sworn copy of his appointment, if of record on the books of the bank, does so by annexing what purports to be a copy from the books, and swearing to it, although he does not expressly state that he compared it with the original.

3. When a levy is made in a county different from that from which the execution issued, and a trial of the right of property is demanded, the copy of the execution returned by the sheriff to the county of the trial, has the same effect as if it was an original execution, without any certificate that it is a copy.

4. The claimant is estopped by his bond, from denying that a levy was made.

Writ of Error to the Circuit Court of Monroe.

TRIAL of the right of property. The bank having levied an execution on certain slaves, as the property of Charles T. McConico, and Julius A. Wood, a claim was interposed to try the right, and bond executed by the plaintiff in error.

Upon the trial, as appears from a bill of exceptions, the plaintiff introduced the deposition of one Wm. A. Campbell. The plaintiff objected to tha fifth interrogatory, and the answer to it as follows:

Do you, or not, know the said *fi. fa's* are copied? If so, state whose hand-writing. Do you know whether Paul Williamson, whose name is written on said *fi. fa.*, is living, or dead? If so, state the fact as it may be.

Answer—I do. In the hand-writing of Paul Williamson. The No. 12512. The body of the *fi. fa.* 12701, I am not satisfied is in the hand-writing of Paul Williamson.

The claimant objected to this interrogatory and the answer, but the objection was overruled.

The plaintiff also examined said witness, to prove whether he was agent of the bank, and directed him, if the books of the bank contained the evidence of his appointment, to annex to his deposition a sworn copy. The witness answered that he was appointed agent, and says, see exhibit A, which is as follows: "Branch Bank at Montgomery, Ala. At a meeting of the board of Directors, this day, there was present the President, Messrs. Baldwin, Benson and Chisholm. The board proceeded to the election of an agent, Messrs. W. Gunnison, W. A. Campbell, Sidney Mayhurst, William J. Bibb, James M. Newman, and E. C. Sanders were in nomination. After several unsuccessful ballotings, Messrs. Bibb and Saunders were withdrawn, and on the fourth ballot the vote stood, for William A. Campbell, three; James M. Newman, one; whereupon William A. Campbell was declared duly elected. This paper was signed by Camp-

bell, and sworn to before the commissioner by him.    To the reading of this exhibit the claimant objected, but his objection was overruled.

The plaintiff also offered in evidence, a paper purporting to be a copy of the execution in favor of the bank, which is the one previously referred to as No. 12512, because there is no evidence showing it to be a copy, and no certificate thereon of its being a copy.

The proof was, the plaintiff required Campbell to look upon two copies of *fi. fa's*, which are particularly described, and are those numbered 12512 and 12707, " and state, whether the originals of said *fi. fa's* ever came to your hands, from whom, and when did you receive them, and what action you took on them.    If you did not act on them yourself, to whom did you deliver them.    State to whom and for what purpose. Answer—The originals of Nos. 12512 and 12707, were placed in my hands as said agent, on the 30th May, 1843, by the bank.    I delivered them to Paul Williamson, my deputy, to make the money on the same.    And it also appearing from the testimony of Campbell, that Williamson was his duly appointed deputy. and had given bond as such, but had never been sworn a deputy, thereupon the defendant objected to the reading of the copy of the execution, and the return thereon, there being no other evidence of a levy, but the court overruled the objection.    And also, moved the court to charge, that the return of Williamson was no evidence of a levy, which the court refused.    To all these matters the claimant excepted, and now assigns as error.

LESLIE, for plaintiff in error.
BLOUNT, contra.

ORMOND, J.—When the witness, Campbell, answered, that he knew the writing shown to him to be the handwriting of Paul Williamson, the answer included within it an affirmation, that he knew the hand-writing of Williamson.    If it was thought proper by the adverse party, he should have inquired into the source of his knowledge.    It is not necessary to qualify one to swear that a paper is in

108

the hand-writing of a particular person, that he should state how he obtained a knowledge of the character of his hand-writing.

The objection to the reading of the exhibit to the deposition of Campbell, was not tenable. A sworn copy from the books of the bank, it is admitted was sufficient, as it clearly was, the books themselves not being subject to be produced by a *subpœna duces tecum.* The witness under the interrogatory produces this transcript from the books, and swears to it. This establishes it as a sworn copy. He does not, it is true, say he compared it with the original, but he was required by the interrogatory, if the books of the bank contained a record of his appointment, to annex to his deposition a sworn copy. This he does in obedience thereto, and in the language of the commissioner, deposes to it; which, though not very formal, can admit of no other construction, than that it is a true copy of what it purports to be.

The execution issued from the circuit court of Montgomery, and was levied on property in the county of Monroe, where the claim was interposed. The act of 1828, (Clay's Dig. 213, § 63,) requires the sheriff in such a case, to return the original execution to the county whence it came, and make out a copy of the execution and return thereon, and return it to the county in which the levy was made, "and the copy of such execution shall be sufficient for the court to proceed on, and try the right of the property levied on." The execution found in the record, contains an indorsement of the levy, and the return of the officer, but is not certified as a copy, though from the evidence in the cause, it appears to have been a copy, and not the original.

In Garrett v. Rhea, 9 Ala. 136, we held as to a certificate of a sheriff, in such a case as the present, that the copy so transmitted was a correct copy of the original, and the return thereon was sufficient. It was not necessary then to consider whether any such certificate was necessary. We are of the opinion that it is not. The statute does not require it, nor from the nature of the case could one be necessary. The paper shows upon its face, that it is not an original execution, and being returned with the bond, and affidavit of the claimant, by the sheriff making the levy, to the court of

the county in which the trial is to be had, is entitled to the same consideration there, that it would have if the execution had issued from the same court.

The officer who made the levy being dead, the plaintiff has taken the deposition of a witness to prove that his signature to the return is in his hand-writing. But this was wholly unnecessary, the claimant is estopped by his own deed from denying the levy, and in addition, it has been repeatedly held, that a claimant of property cannot object to any irregularity in the judgment, or execution. [See Fryer v. Dennis, 2 Ala. 144, and previous and subsequent cases.] This last remark applies with full force to the objection, that the deputy had never been sworn in as such.

Let the judgment be affirmed.