CAMPBELL *vs.* MAY.

[SUPERSEDEAS OF EXECUTION.]

1. *Construction of agreement as to extinguishment of judgment.*—Where a judgment debtor transfers to his creditor a claim for services rendered as special register in a chancery cause, under an agreement that the amount allowed and realized on it is to be applied to the payment of the judgment, and that the judgment is to be extinguished if $700 is realized from the claim,—the judgment is not extinguished, if less than $700 is allowed and realized on the claim, although the defendant himself pays enough to make up that amount.

2. *Summary judgment on supersedeas bond.*—There is no statute now of force in this State which authorizes a summary judgment against the surety on a *supersedeas* bond.

3. *Judgment reversed and rendered.*—In reversing a judgment on appeal, the appellate court will render the proper judgment, (Code, § 3034,) when the record states facts sufficient to authorize it.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THE appellee in this case obtained judgment against James H. Campbell, in the circuit court of Dallas, on the 13th November, 1851, for $734 93.    An execution was issued on this judgment, which was stayed by the execution of a bond by the defendant, with Andrew J. Campbell as his surety.    On the 23d April, 1853, said James H. Campbell transferred to Mess. Lapsley & Hunter, agents and attorneys of said plaintiff, "his claim for services as special register in the case of Pearson and others v. Darrington and others," under an agreement, as specified in their receipt, "that said claim, when collected, is [was] to be applied to said judgment; and if the sum of $700 is [was] allowed and realized on said claim, it is [was] to be

a full satisfaction of said judgment; but, if said sum is [was] not allowed and realized, whatever less sum may [might] be realized and allowed is [was] to be applied as far as it will [would] go to the satisfaction of said judgment." The sum of $500 was allowed by the court on said claim, of which $250 was collected by plaintiff's said agents; and Campbell afterwards paid them $200, which was credited on the judgment. Another execution being issued on the judgment, against the defendant and his surety on the stay bond, the defendants therein filed their petition for a *supersedeas;* alleging, in addition to the facts above stated, that the balance of the transferred claim was in process of collection by plaintiff's said agents, and that the amount due on the judgment was fully paid and satisfied. The court below sustained a demurrer to the petition, and rendered judgment against the original defendant, together with his surety on the *supersedeas* bond, for the balance due on the execution, with costs; and its judgment is now assigned as error.

GEORGE W. GAYLE, and JAMES H. CAMPBELL, for the appellants.

WATTS, JUDGE & JACKSON, *contra.*

STONE, J.—We do not think there is any thing in the point, that the record in this case contains no *fiat,* granted by a judge of the circuit court, authorizing the issue of a *supersedeas.* The bond recites that such order was made, and we think this sufficient evidence of the fact.—See Henderson v. Bank of Montgomery, 11 Ala. 855–59; Mead v. Figh, 4 Ala. 279; Meredith v. Richardson, 10 Ala. 829.

The demurrer to the petition for *supersedeas* was rightly sustained. The plain, unmistakable language of the agreement signed by Messrs. Lapsley & Hunter, contains two distinct, and, as we think, alternate stipulations. It provided, first, that the transfer of appellant's claim for services as special register, in the case of Pearson and others v. Darrington, was to be a full satisfaction of the judgment, *if the sum of seven hundred dollars is* [*was*] *allowed and*

*realized on said claim.* Secondly, if said sum is not allowed and realized, whatever less sum may be realized and allowed, is to be applied, *as far as it will go,* to the satisfaction of said judgment.

There was only the sum of five hundred dollars allowed for said services. Hence, the event, on the happening of which this allowance was to be "a full satisfaction of the judgment," never happened. It is no answer to this view, that the remaining two hundred dollars were paid by the petitioner. That payment did not bring the case within the terms of the contract; and, consequently, does not authorize the *supersedeas* in this case. Each party has the clear right to stand on the terms of his contract; and we have no authority to engraft other stipulations upon it, upon the idea that such stipulations would be equally beneficial with those actually agreed on. We sit here to enforce, not to create or modify contracts.

We find no provision in the Code, which authorizes a summary judgment on a bond such as is copied in this record. This is an ordinary *supersedeas,* granted by a circuit judge under section 629, subdivision 1, of the Code. The only sections which refer, in express terms, or by fair implication, to the writ of *supersedeas,* in its general acceptation, are the one above cited, and section 2406, subdivision 2. Neither of them mentions a bond, or any mode of fixing liability upon it. We will not say a judge may not, in all cases, demand a bond as a condition upon which he will grant a *supersedeas.* It is clear, however, that the right to render a summary judgment upon such bond is purely statutory; and if the statute give no such right, the judgment can not be rendered.

If it be contended that section 2415 of the Code authorizes a summary judgment on all bonds taken under the provisions of that chapter, the answer is, that this bond does not belong to that class. The sections 2407, 2408, 2409, 2410, and 2411, show the class of bonds specially referred to in that chapter. They are bonds given under sections 2407-8 upon the order of a circuit judge, as is shown by section 2409. Sections 2410-11 are but a continuation of the relief provided by sections 2407-8-9.

37

The *bonds* mentioned in section 2415, when taken pursuant to an order made by a circuit judge, must refer to the sections above named, for no other bonds are in terms authorized by any provision of that chapter.

It results from these principles, that the circuit court of Dallas erred, in rendering judgment upon the *supersedeas* bond. After sustaining the demurrer to the petition, the court should have rendered no further judgment than one against the petitioner, for costs.

Under section 3034 of the Code, it is our duty to render such judgment as the court below should have rendered, when the record enables us to do so. The record in this case does enable us to do so.

It is therefore considered by the court, that the defendant's demurrer to the petition be sustained, and that the petition be dismissed; and that the defendant recover of the petitioner the costs accruing under said petition in the court below.

Let the appellee pay the costs of this appeal.

NOTE BY REPORTER.—On a subsequent day of the term, the following opinion was delivered:

STONE, J.—Since the foregoing opinion was pronounced, the counsel for the appellee has submitted an application for a rehearing, on that portion of the opinion which asserts that the Code confers no authority for rendering a summary judgment against the sureties on the *supersedeas* bond. We have re-examined the sections of the Code to which our attention has been directed, and the result is a confirmation of our first opinion.

Section 2406 of the Code confers on the *circuit court* power "to secure parties or privies in their rights, against any oppression or abuse of execution, or upon any release, discharge or payment after judgment." It will be observed that this section speaks alone of the "circuit court," and not of *judges* of the circuit court. Between the circuit court, and the judge of that court, there is a wide and well defined distinction.—*Ex parte* Grant, 6 Ala. 91.

Chapter 17, title 1, part 3 of the Code, page 443, commencing with section 2406, observes that distinction.  It contains no provision for a petition "to a judge of the circuit court," as the initiatory process for obtaining the relief provided by section 2406.  Section 2409 does authorize such petition, in cases within the provisions of sections 2407 and 2408.  All the subsequent sections of the chapter relate, either expressly, or by necessary implication, to cases commenced "by petition to a judge of the circuit court," as provided by section 2409, and can not be made to apply to the provisions of section 2406, unless, perhaps, in one contingency.  If the circuit court, under the authority conferred by section 2406, make an order for stay of execution, and require a bond as a condition of such stay, we do not now decide whether section 2415 would apply to such bond.

We hold, that the *supersedeas* and bond in this case are dependent for their validity on the principles of the common law, and section 629, subdivision 1, of the Code; and, as a consequence, that no summary judgment could be rendered on it, or summary execution issued against the sureties.