## STEWART vs. WARFIELD.

[SUMMARY PROCEEDING AGAINST SURETY ON BAIL-BOND.]

1. *Breach of condition of bail-bond.*—The condition of a bail-bond may be broken, (Code, §§ 2734, 2737, 2740,) not only by the principal obligor's passing beyond the prison bounds, but also by his failure to surrender himself to the jailor at the expiration of sixty days.
2. *Summary judgment against surety.*—To sustain a summary judgment against the surety on a bail-bond, (Code, § 2737,) the record must affirmatively show, not only that the debtor was guilty of an escape, but that the escape was committed "by passing beyond the prison bounds."

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. MCKINSTRY.

THIS was a summary proceeding, by notice and motion, at the suit of Hazael Warfield, against George N. Stewart, as the surety on a bail-bond for one James Hagan, who had been arrested on a *ca sa.* sued out by said Warfield. The judgment is as follows: "This day came the plaintiff, by his attorneys, and the defendant in his own proper person; and it appearing to the court, that one James Hagan was arrested on the 15th March, 1858, by the sheriff of Mobile county, by virtue of a writ of *capias ad satisfaciendum,* issued from this court on the 10th March, 1858, in favor of Hazael Warfield, and against the said James Hagan, for the recovery of a judgment rendered against the said Hagan, in this court, on the 22d December, 1857, for the sum of $415 44 debt, and $22 20 costs of suit, and returnable on the 1st Monday in April, 1858; and that the said James Hagan, on said 15th March, gave a bond in the sum of $830 88, with George N. Stewart, the defendant, as his surety, payable to said Warfield, and conditioned, that if the said Hagan should continue a true prisoner within the prison bounds, as by law established, within the limits of the county of Mobile, until he should thence be discharged by due course of law, without committing any escape in the meantime, or should surrender himself to the sheriff of Mobile county, or to the jailor of said county, within sixty days from the date thereof, then the said bond to be void, but otherwise to remain in full force and effect; and it appearing to the satisfaction of the court, that the said James Hagan committed an escape, without payment of the judgment, interest, and costs; and the said George N. Stewart having been duly notified, as obligor on said bond,— it is considered and adjudged by the court, that the plaintiff, Hazael Warfield, have and recover of the said defendant, George N. Stewart, the sum of $415 44, together with interest on said sum from the 22d December, 1857, (being the day of the rendition of the judgment against said Hagan,) as also the further sum of $22 20, the amount of costs on said judgment," &c. This judgment is now assigned as error.

WILLIAM BOYLES, for appellant.
WATTS, JUDGE & JACKSON, *contra.*

R. W. WALKER, J.—The condition of a bail-bond may be broken, not only by the principal obligor's passing beyond the prison bounds, that is, the boundary of the county, but also by his failure to surrender himself to the jailor at the expiration of the term of sixty days.—Code, §§ 2734, 2737, 2740. "If the debtor is guilty of an escape, by passing beyond the prison bounds," without payment of the judgment, interest, and costs, the obligee in the bond is entitled to a summary remedy, by notice and motion, against the debtor and his sureties on the bail-bond.—Code, § 2737. But no such summary proceeding is authorized in case the debtor is guilty of an escape, not by passing beyond the prison bounds, but by failing to surrender himself to the jailor at the end of sixty days.

As the debtor may be guilty of an escape in either of the two ways above specified, and as the summary remedy by motion is only given in case the escape is "by passing beyond the prison bounds," it follows that, in order to sustain a judgment against a surety, in a summary proceeding under section 2737 of the Code, the record must affirmatively show that the debtor was guilty of an escape "by passing beyond the prison bounds." This is not done in the present case, and the judgment must be reversed, and the cause remanded.—See *Underwood v. School Township,* 34 Ala. 29 ; *Campbell v. May,* 31 Ala. 569 ; *Bates v. P. & M. Bank,* 8 Porter, 99 ; and cases collected, Sheph. Digest, 747.

Reversed and remanded.