# Dalton *v.* Bunn & Allison.

## Assumpsit.

### (Decided July 2, 1907.  44 South. 625.)

1. *Pleading; Set-off and Recoupment: Sufficient.*—A plea of recoupment which fails to aver that the contract on the breach thereof sought to be recouped arose from or was related to the transaction on which plaintiff's cause of action was based, is insufficient and subject to demurrer.

2. *Appeal; Waiver of Error.*—Rulings on pleadings not assigned as error will not be considered on appeal.

3. *Pleading; Rejoider; Sufficiency.*—Where the suit was for cord wood sold, delivered and retained by defendant and the pleas set up an express contract for the sale of 1.000 cords of a certain kind of wood at $1.50 per cord with which defendant was to fill a government contract, of which plaintiffs had knowledge, and alleging a breach thereof, to which plaintiff replied that a large quantity of the wood had been delivered to and paid for by defendant with-

37 R

out objection and sold at a large profit and that plaintiff continued to ship the wood under the contract until they had delivered 721 cords and were ready, willing to complete the contract, but failed to do so because of defendant's failure and refusal to pay $460 due thereon and a notification to plaintiffs from defendants that he would not receive or pay for the balance of the wood, a rejoinder that after suit was brought plaintiffs took possession of and sold 180 cords of the wood for which payment was demanded, of the reasonable value of $270 which defendant sought to set off against plaintiff's demand, was irrelevant and no answer to the replication, and was, therefore, probably stricken.

4. *Same; Issue and Proof.*—Where the evidence disclosed that plaintiffs were not informed of defendant's contract with the United States until after defendants made the contract for the purchase of the wood from the plaintiffs, such evidence will not support a plea setting up that plaintiffs contracted to furnish to defendant the wood in question with the knowledge of defendant's contract to supply the wood to the United States government.

APPEAL from Madison Circuit Court.

Heard before Hon. PAUL SPEAKE.

This was an action on the common counts begun by appellee against appellant. The 7th, 8th, 9th pleas set up a contract in writing between the parties for the purchase of wood calling for ten or twelve cars of four foot wood a week, ash, oak, hickory, mulberry, at $1.50 per cord, cars Crow Creek or Stevenson which it is agreed shall be paid for every Saturday until the 20th of January. Defendant alleges that at the time of entering into the agreement, he had entered into a contract with the government of the United States to furnish to its officials at Huntsville four thousand cords of wood of the variety named in the above agreement with plaintiff at and for the sum of $3.54 a cord which wood under the contract with the government was to be inspected and accepted by government officials, and that these facts were known to plaintiff at the time of the execution of the above contract between plaintiffs and defendant. It is then alleged that the plaintiff failed to comply with their contract and instead of shipping the wood of the length and variety mentioned in the contract, plaintiff

[Dalton v. Bunn & Allison.]

shipped a mixed variety including large quantities of soft wood, such as sweet gum, elm, hackberry and other varieties named in the plea; that this was inspected and rejected by the government, causing a loss of $1.14 per cord on the same to the defendant, which he offers to recoup and set off against this demand. The plea also alleges the failure to ship the number of cars per week as required; that he could not buy other wood to take its place, and lost his contract partially with the government, to his damage in the sum of $632.00. Plea 8 is practically the same as plea 7, with the additional allegation that a number of cars of wood particularly specified in the plea were rejected on account of the kind and quality of the wood and immediately thereafter, defendants notified plaintiff not to ship any more wood of that kind and character, but to deliver the wood named in the contract, and thereupon plaintiff entered suit as shown by the complaint in this cause, and made no further delivery of wood to the defendant, thereby breaching the contract to the damage of defendant in the sum of $632, which is offered to be set off against the plaintiffs claim. The 9th plea is practically the same as the other pleas. The 10th plea alleges the contract between plaintiff and defendant for shipment by plaintiff to defendant of a thousand cords of wood by Jan. 20th, the delivery of 450 cords of the wood, its failure to comply with the contract specifications, knowledge on the part of plaintiffs, that the wood was bought to fill a Government contract, the failure of the 450 cords to come up to the specifications, and the failure of the plaintiff to ship the 550 cords balance due on the contract and defendants damages growing out of such failure. Eleventh plea is as follows: That on the 23rd of November, 1898, defendant entered into the contract set out in plea 7 with plaintiffs. Defendants allege that

[Dalton v. Bunn & Allison.]

under the terms of said agreement, he received from plaintiff and paid for 450 cords of wood at the price of $1.50 per cord, aggregating $675.00. It is then alleged that at the time of entering into the above agreement and prior thereto, he had entered into a contract with the government of the United States to furnish them certain specifications; that plaintiffs knew of this contract and knew that the wood purchased by them by defendant was to go to the fulfilling of the contract with the Government. It is then alleged that plaintiff refused and failed to comply with the terms of the contract, in that they did not deliver ten or twelve cars per week as agreed upon, and further failed to furnish the wood according to the specifications of the contract which are set out in the plea, but on the contrary furnished wood of a soft variety, naming the kind and by reason of the mixture of said wood and by reason of loading the cars with the soft wood, the same was rejected by the Government officials. And that at least two-thirds of the wood shipped was rejected and that the cars were so mixed with soft wood as to be of no value to defendant, in filling his contract with the Government. That under his agreement with the Government, he had a clear profit of $1.14 per cord in the wood. It is then alleged that the plaintiffs failed to furnish the other 550 cords called for by the contract; that the defendant was unable to purchase the wood elsewhere to fill said contract, and by reason of the same lost the profit of $1.14 per cord on said 550 cords, to his damage in the sum of $632. Demurrers were sustained to all these pleas except to plea 11. The plaintiff filed replications 3 and 4 setting up the contract with defendant, and alleged that the contract was in words and figures as follows: We agree to furnish A. L. Dalton ten or twelve cars of four foot wood per week, ash, oak, hick-

ory, mulberry, etc., at $1.50 per cord F. O. B. cars at
Crow Creek or Stexenson, and Dalton agrees to pay
for same every Saturday until the 20th of January, by
which time we agree to furnish 1,000 cords. It is then
alleged that defendant knew at the time he entered into
the contract that plaintiff was selling a mixed variety
of wood, consisting of oak, ash, hickory, mulberry, hack-
berry, sycamore, elm, sweet gum and iron wood. It is
then alleged that plaintiffs entered immediately in the
performance of said contract by a delivery to the de-
fendant at the place specified large quantities of wood
in said varieties above set out, in car load lots, and in
installments from 67 to 126 cords per week. It is then
averred that defendant received said shipments, accept-
ed them and paid for them, without objection and sold
them at a large profit, and that plaintiffs continued to
ship said wood under the contract until they had deliv-
ered 721 cords of wood, and that they were ready and
willing at all times to complete the contract; and that
their failure to do so, was by fault of the defendant for
failing and refusing to pay plaintiff the sum of $460.00
due under the contract and notified plaintiffs that he
would not receive or pay for the balance of said wood.
The fourth replication was in all respects similar to the
third. The rejoinders were first, a denial of the replica-
tion; 2nd, that after this suit was brought, the plaintiffs
took into their possession and sold 180 cords of said
wood upon which payment was demanded by the same,
and that the reasonable price of wood at that time was
$1.50 a cord aggregating in value the sum of $270.00,
which defendant sets off against the demand of the
plaintiffs. The facts appear in the opinion of the court.
There was judgment for plaintiff in the sum of $644.50
and defendant appeals.

WILLIAM B. BANKHEAD, for appellant. The court improperly sustained demurrers to defendant's pleas of recoupment.—*Grisham v. Bodman,* 111 Ala. 200; *Marbury v. Leach,* 58 Ala. 339; *Ewing v. Shaw,* 83 Ala. 333. The damages set up therein are not alleged as speculative or conjectural.—*Penn v. Smith,* 104 Ala. 449; *Bell v. Reynolds,* 78 Ala. 511. The court erred in overruling defendant's demurrers to the 3rd and 4th replication.—*Wright v. Forgy,* 126 Ala. 389; *Highland A. & B. R. R. Co. v. South,* 112 Ala. 642; *Christian v. Niagara Co.,* 101 Ala. 634; *Barbour v. Washington,* 60 Ala. 433. The court erred in striking defendant's rejoinder. It should have put plaintiff to demurrer.— *Wright v. Forgy, supra; Hightower v. Ogletree,* 114 Ala. 103; *Lee v. DeBardelabed,* 102 Ala. 628; *Powell v. Crawford,* 110 Ala. 300; *Lindsey v. Morris,* 100 Ala. 550. The court erred in excluding the evidence of defendant Dalton in regard to his contract with the government.— *Bank v. Bradley,* 108 Ala. 207. Plaintiffs did not prove their replication and this failure entitled defendant to judgment.—19 Ala. 210; 60 Ala. 433.

COOPER & FOSTER, for appellee. The court properly sustained demurrers to the 7th and 8th plea.—*Watson v. Kirby,* 112 Ala. 426; *Strauss v. Mertief,* 64 Ala. 299; 24 A. & E. Ency. of Law, 1156. The demurrers to the 9th plea were properly sustained.—*Lawton c. Ricketts,* 104 Ala. 430; *Castleton v. Jeffries,* 4 Ency. P. & P., pp. 628-632; 80 Ala. 30; 82 Ala. 85. The 7th ground of demurrer to the 9th plea was properly sustained.—*National Fert. Co. v. Holland,* 107 Ala. 412; *II. A. & B. R. R. o. v. Miller,* 120 Ala. 535 The 14th ground of demurrer was properly sustained to the 10th plea.—*Lawton v. Rickertts, supra; Penn v. Smith,* 104 Ala. 449; *N. B. S. Ry. Co. v. Liddicoat,* 99 Ala. 545; 96 Ala. 454; 110

Ala. 294; 116 Ala. 138; 124 Ala. 639. In order to render a party liable in damages for the loss of prospective profits something more is necessary than the knowledge of the mere fact of the existence of a contract of re-sale. —75 Ala. 175; 78 Ala. 511. There was a variance between the allegation and the proof as to the provisions of the contract between plaintiff and defendant.

DOWDELL, J.—Since the remandment of this cause on the former appeal—*Dalton v. Bunn & Allison,* 137 Ala. 175, the defendant has filed additional special pleas as shown by the record, numbered 7, 8, 9, 10 and 11. These pleas profess on their face and are so intended to be, pleas of recoupment. Demurrers were interposed to each of said pleas, and were by the court sustained as to all of them except the 11th plea. This action of the court constitutes the basis of assignments of error numbered two, three, four and five. The first assignment of error on the record relates to the ruling of the court on demurrers to pleas 2, 3, 4 and 5. This assignment is not, however, insisted on in argument. Moreover, these pleas were considered on former appeal and were then condemned.

Special pleas 7, 8, 9 and 10, were each faulty and subject to the demurrer. Neither of these pleas aver that the contract and the breach of which is set up by way of recoupment, arose from, or in any way related to the transaction on which the plaintiff's cause of action is based.

As was said in *Washington v. Timberlake,* 74 Ala. 259: "Recoupment applies when the *abatement* claimed springs out of the very contract or transaction on which the recovery is sought. It is entirely unlike set-off, which is in the nature of a cross-action, and may rest on independent legal demand, if that demand be of a

class not sounding in damages merely." See also *Grisham v. Bodman,* 111 Ala. 194. The court committed no error in sustaining the demurrers to the several special pleas.

The ruling of the court on the demurrers to replications three and four is not assigned as error, and hence, cannot be considered. Rejoinder numbered two was properly stricken on motion. It purported to answer replications three and four. The matter set up in this rejoinder was irrelevant and in no sense an answer to the replication.—Section 3286, Code of 1896.

The only other assignment of error insisted on, except the one that the court erred in rendering judgment for the plaintiff, is the action of the court in excluding the testimony of Dalton relative to his contract with the U. S. Government. This evidence, under the issues, was immaterial, and the court committed no reversible error in its exclusion.

The defendant's plea averred that the plaintiffs entered into their contract with the defendant with knowledge at the time of the defendant's contract with the U. S., and the theory of defendant's case on this line was that the contract with the plaintiffs was entered into and made with reference to defendant's contract with the U. S. The evidence excluded tended only to show that plaintiffs were informed of the defendant's contract with the U. S., subsequent to the making of the contract between plaintiffs and defendant.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concurring.