(123 So. 271)

**CRAFT v. STANDARD ACC. INS. CO. (6 Div. 291.)**

Supreme Court of Alabama.  April 25, 1929.

Rehearing Denied June 13, 1929.

Coleman, Coleman, Spain & Stewart, of Birmingham, opposed.

Bradley, Baldwin, All & White, of Birmingham, for petitioner.

BROWN, J. This is an action of assumpsit for the breach of the conditions of a contract whereby for an agreed premium the defendant undertook to indemnify and assure the plaintiff against loss resulting from acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or willful misapplication, on the part of plaintiff's employé Jones.

On the trial, the defendant was allowed, among other defenses, to plead, with the consent of Jones, a breach of the contract of employment between the plaintiff and Jones, in recoupment of the damages alleged to have

been suffered as a consequence of the breach of the contract sued on, and accord and satisfaction between the plaintiff and Jones. On request of the plaintiff, the trial court made a special finding of fact, which is set out in extenso in the opinion of the Court of Appeals.

The Court of Appeals, dealing with the case on the theory that the contract sued on is one of suretyship, has sustained the finding of fact as related to the above-mentioned defenses, and affirmed the judgment.

To state the facts as found by the Court of Appeals, in respect to the plea of recoupment, in brief, "the plaintiff was the manager of a business in Birmingham, Alabama, which he either owned himself, or of which he was the managing head and personally responsible for all moneys coming into the business. As such manager he employed Mrs. Ida S. Jones to perform certain duties, among which was the handling of the books and the bank account, including the power to draw checks on the bank against the account of the business. To protect plaintiff against loss by reason of certain specified acts of Mrs. Jones, this defendant entered into a contract in writing with the plaintiff, whereby it agreed to indemnify or secure plaintiff against loss on account of certain specified acts of Mrs. Jones named in the contract." Mrs. Jones was employed by the year at a salary of $1,800, payable in monthly installments of $150; the employment being from October 1, 1924, to September 30, 1925.

In April, 1925, plaintiff gave Mrs. Jones notice that her services would not be needed after June 1st, and on May 5th she drew a check in favor of herself for $750, covering unearned salary for the months of May, June, July, August, and September, signed plaintiff's name thereto as manager, and cashed it at the bank, and advised plaintiff and his business associate by letter that she was ready and willing to perform her contract by rendering service for the balance of the time, and, if she could obtain employment elsewhere, she would refund such amount as she was able to earn. Whether Mrs. Jones continued to perform her duties after drawing the check up until June 1st, or voluntarily left the service of plaintiff, or was discharged for the wrongful abstraction of the money, does not appear from the finding of facts.

■ One of the distinguishing features between a contract of suretyship and one of guaranty or indemnity is that a contract of suretyship is the joint and several contract of the principal and surety, while the contract of a guarantor is his own separate undertaking, in which the principal does not join. Saint v. Wheeler & Wilson Mfg. Co., 95 Ala. 372, 10 So. 539, 36 Am. St. Rep. 210; J. W. Watkins Medical Co. v. Lovelady et al., 186 Ala. 414, 65 So. 52.

■ Another element distinguishing a contract of suretyship from one of indemnity or insurance is that the principal is liable over to the surety in the event of payment by the latter, as a matter of law independent of the doctrine of equitable subrogation. Martin v. Ellerbe's Adm'r, 70 Ala. 326; Riley v. Stalworth, 56 Ala. 481; U. S. Fidelity & Guaranty Co. v. Charles et al., 131 Ala. 658, 31 So. 558, 57 L. R. A. 212; 21 R. C. L. 1097, § 134; Brown v. Melloon, 170 Iowa, 49, 152 N. W. 75, Ann. Cas. 1917C, 1070, and note, 1073.

■ Judged by this test, the contract here is one of indemnity or insurance, and not of suretyship. Mrs. Jones was not a party to the contract, nor was it contemplated that she should be. Her liability to the plaintiff, if liable at all, arises from her wrongful withdrawal and appropriation to her use of the money covered by the check, a tort; while defendant's liability is purely contractual—a liability assumed in consideration of premiums paid, to indemnify or assure the plaintiff against loss resulting from the infidelity of plaintiff's employé, Mrs. Jones. Frost on Guarantee Insurance, §§ 27–30; Alabama Fidelity & Casualty Co. v. Alabama Penny Sav. Bank, 200 Ala. 337, 76 So. 103; Illinois Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667; 25 C. J. 1089, § 2; Tebbets v. Mercantile, etc., Co. (C. C. A.) 73 F. 95; Young v. American Bonding Co., 228 Pa. 373, 77 A. 623; First National Bank v. National Surety Co., 228 N. Y. 469, 127 N. E. 479.

■ The defendant having contracted with reference to the situation of the parties, reciting in the contract the relation of employer and employé between plaintiff and Jones, accepting the premiums, and inducing the plaintiff to rely on the offered indemnity, it is estopped, after the loss is sustained, to dispute the existence of such relation. Fidelity & Deposit Co. v. Mobile County, 124 Ala. 144, 27 So. 386; Tait v. Frow, 8 Ala. 543; Mitchell v. Ingram, 38 Ala. 395; Plowman v. Henderson, 59 Ala. 559; Williamson & McArthur v. Woolf, 37 Ala. 298; Henderson v. Bank of Montgomery, 11 Ala. 855; Hoxie v. Home Ins. Co., 32 Conn. 21, 85 Am. Dec. 240; 10 R. C. L. 814, § 121.

■ The statute (Code of 1923, § 10179) has not enlarged the class of claims that may be pleaded by the defendant in recoupment or reconvention of plaintiff's claim, and leaves such matter to be adjudged on the settled principles of the common law which defines recoupment "as the right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some obligation of *the contract upon which he sues*, or because he has violated some duty which the law imposes on him in the making or performance of the contract." Lawton v. Ricketts, 104 Ala. 430, 16 So. 59; Carolina-Portland Cement Co. v.

Alabama Const. Co., 162 Ala. 380, 52 So. 332; Merchants Bank v. Acme Lumber & Mfg. Co., 160 Ala. 435, 49 So. 782; Grisham v. Bodman, 111 Ala. 194, 20 So. 514; Washington v. Timberlake, 74 Ala. 259.

■ This principle negatives the right of a defendant to plead in recoupment of the damages claimed, damages growing out of an independent contract between the plaintiff and defendant, and certainly between the plaintiff and another not a party to the contract upon which the suit is founded. Mayberry v. Leech, Harrison & Forwood, 58 Ala. 339; Hembree v. Glover, 93 Ala. 622, 8 So. 660; Dalton v. Bunn & Allison, 152 Ala. 577, 44 So. 625; Walker v. McCoy, 34 Ala. 659; Mauldin, Montague & Co. v. Armistead, Ex'r, 14 Ala. 702; State Bank of Rock Island v. Bryan, 186 Ill. App. 207; Knickerbocker Trust Co. v. Condon, 147 App. Div. 871, 133 N. Y. S. 95. In Merchants Bank v. Acme Lumber & Mfg. Co., 160 Ala. 435, 49 So. 782, the defendant was jointly and severally liable for the debt of Ambrose as surety, and the damages claimed in recoupment of plaintiff's claim arose from a breach of the contract to furnish the lumber, the price of which the plaintiff sought to recover in the suit.

The indemnity here involved was not given at the instance of the employé, and she is not a party thereto, and whether the acceptance by the plaintiff from the delinquent employé of an amount less than the loss sustained through her infidelity, in full accord and satisfaction of her liability, may be pleaded by the defendant in bar of the plaintiff's right to recover, depends on whether or not, in the absence of such settlement, the defendant, upon full satisfaction of the loss, would be entitled to be subrogated to plaintiff's right of action against the employé and has suffered a detriment because of her release from further liability. 31 C. J. 443, § 42; 25 C. J. 1116, § 33; Frost, Guarantee Ins. 402, § 132; Crown Bank v. London Guarantee & Accident Co., 17 Ont. Law 95.

Whether the right of subrogation exists, in the absence of a stipulation in the contract to this effect, is a question on which the authorities are not clear, and, inasmuch as this question was not treated by the Court of Appeals, and is not argued by the parties, we leave this an open question.

■ Two reasons appear in the finding of fact by the trial court, as set forth in the opinion of the Court of Appeals, why the retention of the check issued by the attorneys of Mrs. Jones to the attorneys of the plaintiff does not constitute an accord and satisfaction of the plaintiff's claim against Jones: (1) The check was delivered to plaintiff's attorneys, who had no authority to accept less than what was due, and, so far as appears, the proposed accord embodied in the check was never brought to the knowledge of plaintiff; and (2) upon receipt of the check the attorneys for the plaintiff notified the defendant's attorneys that it could not be accepted in full of the claim, and it was not indorsed and collected.

■■ "The discharge of claims by way of accord and satisfaction is dependent upon contract express or implied; and it follows that the essentials necessary to valid contracts generally must be present in a contract of accord and satisfaction. Therefore there must be (1) a proper subject-matter, (2) competent parties, (3) an assent or meeting of the minds of the parties, and (4) a consideration." 1 R. C. L. 178, § 3; Reliance Life Ins. Co. v. Garth, 192 Ala. 91, 68 So. 871; Dreyfus Bros. v. Corn Products Co., 204 Ala. 593, 86 So. 386. The power to compromise a demand does not arise from the authority of an attorney to sue, and, in the absence of express authority, an attorney cannot bind his client by an agreement of accord and satisfaction. 1 R. C. L. 181, § 9; Ball v. Bank of State, 8 Ala. 590, 42 Am. Dec. 649; Robinson v. Murphy, 69 Ala. 543; Rosenbaum v. State, 33 Ala. 354; Hall Safe & Lock Co. v. Harwell, 88 Ala. 441, 6 So. 751; Chapman, Lyon & Noyes v. Cowles, 41 Ala. 103, 91 Am. Dec. 508; Ex parte Hayes, 92 Ala. 120, 9 So. 156; Senn v. Joseph, 106 Ala. 454, 17 So. 543.

■ The mere retention of an uncertified personal check purporting to be issued in full satisfaction of a disputed demand, where notice is given on its receipt that it will not be received in full satisfaction of the demand, in the absence of the subsequent indorsement and collection, does not, as a matter of law, constitute an acceptance of the check as accord and satisfaction. Code of 1923, §§ 5640, 5642; Dreyfus Bros. v. Corn Products Co., 204 Ala. 593, 86 So. 386; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; J. H. Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25; Barham v. Bank of Delight, 94 Ark. 158, 126 S. W. 394, 27 L. R. A. (N. S.) 439; 1 R. C. L. 196, § 32.

■ We note in the opinion of the Court of Appeals the statement that "there is no denial that the plaintiff accepted the check described in plea 5 in full accord and satisfaction of the claim which he had against Mrs. Ida S. Jones. Demurrer to the replication to this plea was properly sustained." We construe this statement as referring to the averments of the replication, and not to be a finding of fact. Moreover, in the absence of proof of an acceptance of the check as accord and satisfaction, the burden being on the defendant, a denial by the plaintiff of such acceptance was wholly unnecessary and its absence immaterial.

■ In a brief filed subsequent to the preparation of the foregoing opinion, it is urged by appellee, on the authority of Postal

Tel. Co. v. Minderhout, 195 Ala. 420, 71 So. 91, and other cases of like import, that this court should not review the Court of Appeals on the application of the law to the facts. The rule of these cases is not applicable where facts are stated in the opinion of the Court of Appeals affording an adequate basis for review. Rochester-Hall Drug Co. v. Bowden (Ala. Sup.) 118 So. 674;[1] Lancaster v. State, 214 Ala. 2, 106 So. 617; Birmingham Southern Ry. Co. v. Goodwin, 202 Ala. 599, 81 So. 339.

In the course of consultation, some differences of opinion developed as to what matters the defendant might offer in evidence in repression of damages; the general rule being that proof in repression of damages is admissible under the general issue. Karter v. Fields, 130 Ala. 430, 30 So. 504. Any repayments made by Mrs. Jones to the plaintiff on the damages resulting from the wrongful conversion of plaintiff's funds, including the check for $150, if plaintiff ultimately received the benefit of that check, would be admissible on this theory.

All the Justices concur in the foregoing, and Justices GARDNER and FOSTER entertain the opinion that on the same theory it is permissible for the defendant to show that Mrs. Jones was wrongfully discharged and the extent of her damages as negativing damages suffered by the plaintiff.

The writ of certiorari is granted, and the judgment of the Court of Appeals is reversed, and the cause remanded.

Writ granted; reversed and remanded.

All the Justices concur.

