## NOWERY v. UNITED STATES.

### No. 329 of 1951.

United States District Court
E. D. Pennsylvania.
Sept. 24, 1952.

Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Rawle & Henderson, Philadelphia, Pa., Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for respondent.

CLARY, District Judge.

The present admiralty action was instituted on November 8, 1951, in the name of the above libellant. The libel claimed damages for personal injuries suffered by the named libellant on or about December 25, 1944, while ashore at Antilla, Cuba, at a time when he was serving as an able seaman on the S. S. Matthew B. Brady. The vessel at that time was being operated by a General Agent for the United States. On August 21, 1945, libellant instituted in this Court, Civil Action No. 5087, against the General Agent for the same damages claimed in this action. In addition, in the civil action there was a claim for maintenance and cure arising out of the incident in question. The civil action was tried on May 27, 28 and 29 of 1946 and the plaintiff recovered a verdict in the sum of $2,500. Motions were filed for a new trial and judgment n. o. v. The latter motion was denied, but a new trial was granted. Nowery v. Smith, D.C., 69 F.Supp. 755. Subsequently, on December 19, 1949, the action was dismissed without prejudice on the authority of Cosmopolitan Shipping Co., Inc., v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, and Gaynor v. Agwilines, Inc., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709, solely because it had been improperly brought against the General Agent and not against the United States, owner of the vessel. The present admiralty action, in point of time, was instituted within the limitation prescribed by the Amendment to the Suits in Admiralty Act, 41 Stat. 525, 46 U.S. C.A. §§ 741, 745, Amendment of December 13, 1950, Public Law 877, Ch. 1136, 81st Congress, 2nd Session, H.R. 483, 64 Stat. 1112. Respondent entered a general appearance and filed an answer to the merits. Thereafter, on July 29, 1952, respondent filed a motion for leave to amend answer to the libel to aver, upon information and belief, that the named libellant James N. Nowery died on or about May 4, 1949; that the present action was instituted on November 8, 1951 in the name of the decedent without legal justification; and finally averring that the right of action herein asserted was finally terminated by the death of libellant. Libellant filed an answer to the motion denying that the action was terminated by the death of the libellant and requesting an opportunity, first, to have an administrator of the estate of the deceased libellant appointed and, second, to substitute said administrator as party libellant herein. The matter is now before the Court on these two cross-motions.

I have no difficulty with the first motion, viz., the motion for leave to amend answer to libel. Equitable principles require that when leave of Court is requested by a party, such leave shall be freely given when justice so requires. In its motion to amend, respondent alleges that its first knowledge of the death of the libellant was obtained by it on July 8, 1952, in the course of obtaining information from various sources to answer rather extensive interrogatories propounded on behalf of the libellant. In checking libellant's work record, information was requested from the Records and Welfare Section of the United States Coast Guard and, in a letter dated July 8, 1952, the Commandant of the United States Coast Guard advised the proctors for the respondent that the named libellant had been found dead in his berth on the S. S. Chickasaw at Tampa, Florida, on May 4, 1949. Based on that information the present motion was filed, and I feel that there was no undue delay in filing the motion. Justice requires that the amendment be allowed.

In the cross-motion for leave to substitute an administrator of the estate of James N. Nowery, several problems appear. First, no administrator has been appointed and there is presently in existence no personal representative available for substitution. Second, assuming, as we must, that the named libellant did die in May of 1949, the suit at present is a nullity. Cf. Jenks v.

Edwards, to Use, etc., 6 Ala. 143; Tait, to Use, etc., v. Frow, 8 Ala. 543. Further, at the time this present action was instituted, the decedent had lost his right of action, all causes of action for injuries received in his lifetime having vested by statute, after his death, in his survivors. 45 U.S.C.A. § 59. Finally, the Suits in Admiralty Act, as amended, December 13, 1950, 46 U.S.C.A. § 745, provides that such suits may be brought only within two years after the cause of action arises, excepting however that where a prior cause of action had been timely commenced and was thereafter dismissed solely because it was improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States, such suits should not be barred under the amendment within one year after December 13, 1950. Therefore, the period of grace for the institution of this action expired under the terms of that amendment on December 13, 1951.

■ If the matter involved herein presented a procedural question, no difficulty would be presented. As pointed out above, the decedent had no right of action at the time this suit was instituted, all rights vested in the survivors. No personal representative has been appointed and no action has been taken by the survivors to assert their cause of action through a personal representative. A substitution, as here requested, would inaugurate a new cause of action. This is an action against the sovereign. It is a limited permission to sue. The decisions under the section here involved, 46 U.S.C.A. § 745, point up very clearly that the limitations therein contained are jurisdictional in nature; that the section not only bars the remedy but also extinguishes the substantive right created by the act upon expiration of the period of limitation; and that commencement of the suit within the prescribed period is a condition precedent to the right of recovery. Kruhmin v. United States War Shipping Administration, D. C., 81 F.Supp. 689, affirmed 3 Cir., 177 F.2d 906; Sloand v. United States, D.C., 93 F. Supp. 83; Paschal v. North Atlantic & Gulf

S. S. Co., D.C., 95 F.Supp. 293; Abbattista v. United States, D.C., 95 F.Supp. 679.

Under the circumstances, since this request involves the institution of a new cause of action, beyond the jurisdictional limits imposed by Section 745, supra, I have no authority to substitute an administrator and thereby extend the period of limitation provided in the Act of Congress.

The motion to substitute administrator, therefore, must be dismissed.