## LAMPLEY vs. BEAVERS et al.

1. An appearance by the defendant merely for the purpose of moving to set aside the service of the writ, is not a waiver of any defect or irregularity in the service ; but if, after such an appearance, he takes any action in relation to the case which recognizes it as in court, disconnected from the motion, whether the motion is then pending or not, this is a waiver of the defect or irregularity.

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. ANDREW B. MOORE.

MOTION to set aside the service of process, on the ground that the defendants, at the time the writ was served on them, were in attendance on court as witnesses under subpœna.— The writ was returnable to the Spring term, 1846, and was returned executed on the defendants before the return day. At the return term, the record recites, the parties appeared by attorney, and the attorney of Beavers moved to quash or set aside the service of the writ ; which motion was continued. At the Fall term, 1846, a general order was made continuing all causes not otherwise disposed of. At the Spring term, 1847, the defendants moved to have the case put on the trial docket ; which motion was sustained, and the cause was ordered to be put on the trial docket of the next term. At the Fall term, 1847, the venue was changed by the plaintiff ; and at the next term the papers were ordered to be sent as directed by the previous order. At the Fall term, 1848, the case was continued by the plaintiff, and again at the next term. At the Fall term, 1849, it was continued by the defendants ; and at the next term it was continued on account

Lampley v. Beavers et al.

of the absence of the defendant's attorney. At the Fall term, 1850, it was continued by the plaintiff, and at the next term by the defendants; at the Fall term, 1851, continued by the court, and at the next term by the defendants. The motion was heard at the Fall term, 1852, and sustained by the court; to which the plaintiff excepted, and which he now assigns for error.

WHITE & PARSONS, and B. T. POPE, for the appellant.

J. B. MARTIN, *contra.*

GOLDTHWAITE, J.—We have frequently held, that a general appearance by the defendant cures the want of service of process, and is a waiver of any defect or irregularity in the service.—Gilbert v. Lane, 3 Porter 267; Naylor v. Phillips, 3 Stew. 210; Wheeler v. Bullard, 6 Porter 352; Hobson v. Emanuel, 8 *ib.* 442; Moore v. Phillips, *ib.* 567.— If the defendants had only appeared for the purpose of moving to set aside the service of the writ, this would not be a general appearance; but if they took any action in relation to the case, disconnected with the motion, and which recognized the case as in court, this would be such an appearance as would waive the defect in the process or service, and it would be immaterial whether the motion to set aside the service of the writ was pending at the time of the appearance. The record shows that, after the return term, the defendants appeared, and at their motion the case was taken from the appearance docket, and placed on the trial docket, and that subsequently to this they appeared, and the case was continued at their instance no less than three times; that all of this was before the motion to dismiss was acted on. Upon the principle we have laid down, the appearance by the defendants, and the making of the motions, was a waiver of any previous irregularity in the process.

Judgment reversed, and cause remanded.