## MONTS *vs.* STEPENS.

[SUMMARY PROCEEDING AGAINST CONSTABLE AND SURETY.]

1. *Constable's bond ; transcript of, when not admissible as evidence.*—It is error to permit the transcript of a constable's bond, from the probate court, to be offered in evidence, on the trial of a motion against such constable and his surety, when it does not appear from the transcript, that the bond thus offered in evidence has been "approved" and "filed" in the time, and in the manner, prescribed by law.
2. *Same ; when admissible as evidence of common law bond.*—Such transcript can not be offered in evidence of a bond, good at common law, without first properly explaining the absence of the original.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. JOHN MOORE.

THE opinion contains the facts of this case.

MOORE & LOCKETT, for appellants.

JOHN F. VARY, *contra*.—The return of the constable shows that the notice was served on Monts as well as on Lagrove. Monts appeared before the justice of the peace, also in the circuit court, and was represented by counsel. Upon the trial in the circuit court he objects, for the first time, that the notice was not duly served on him. It was then too late to make the objection ; and besides, he has not made and presented the point, in a revisable shape, to this court.

Defendant below, Monts, made two objections to the introduction in evidence of the certified copy of the constable's official bond, both of which were overruled by the court, to which rulings he took but one exception. If the court ruled correctly in either objection, it is submitted that the action of the court must be sustained.

Lagrove was elected constable on the 7th of March, 1859 ; his bond, with Monts as his surety, was executed March 9th, 1859 ; it is certain from the record, that after he gave this bond he acted as constable. The fact that the judge gave a certified copy of the bond, shows that the same was filed and on file in the proper office ; and the defendant, Monts, interposed no plea that he was not bound on the bond, on the ground that the same was not filed or approved within fifteen days, &c., or on any other ground ; and we submit that it requires no argument from us to show that the ruling of the court was correct on each and both of the objections of defendant.—*Sprowl v. Lawrence*, 33 Ala. 674.

The law under which this proceeding is had, is found in Title III of the Code, " Proceedings in civil cases before justices' of the peace," and sections 3266, (2820), 3275, (2826), and 3277, (2831), in this Title ; see Revised Code, p. 618, and the sections cited.

Section 3266, (2820), Revised Code, authorizes judgments to be rendered " against the persons hereinafter named," and the persons named in section 3277, (3831), are " such justice and constable, and such of the sureties to their official bond, *or either of them*, as may be notified," &c.

The punctuation both in the Code and the Revised Code is the same, and the comma immediately before the words " or either of them," separate these words from an exclusive application to the persons called " sureties," and makes them apply to all the persons, severally, before mentioned, namely, "justice," " constable," and " sureties." And we insist, if either Lagrove or Monts had been notified, the law authorized judgment to be rendered against the one notified, and against both if both had been notified and were living at the time of the rendition of the judgment.

But before judgment, Lagrove died ; his death was suggested, and the suit thereafter proceeded, and judgment was rendered against the survivor, Monts. That this was authorized by law, see Revised Code, § 2542, (2146), last clause ; *Rupert & Chassity v. Elston's Ex'r*, 35 Ala. 79.

If Monts had died and his death been suggested, we apprehend that there would have been no question but that the suit might have proceeded and the judgment had against the survivor, Lagrove, alone ; and as the law authorized the justice to render judgment against Monts alone, if he alone had been notified, (Revised Code, § 3977, last clause), we submit that there can be no sufficient reason why, after the death of Lagrove, the suit could not proceed against the survivor, Monts, and judgment be had against him alone.

The authorities relied on by appellant's counsel do not apply to this case, for the reason that the decisions in those cases were made upon statutes essentially different, as to the points on which the decisions were made, from the statute law applicable to this case.

The decision in the case of *James & Ould v. Spear*, 9 Ala. 462, was made upon a statute which " *required* the judgment to be rendered against the *constable and his sureties.*"

The decision in the case of *Armstrong v. Holley*, 29 Ala. 305, was made upon a statute which authorized a motion to be made against the *clerk and his sureties*, and *required* the judgment to be rendered against *such of the parties*, whether principal or surety, as *may have received notice, &c.*, and the point decided was entirely unlike the point now before the court.

The decision in the case of *Ware v. Greene*, 37 Ala. 494,

was made upon a statute requiring notice to issue against *all the sureties* of the tax collector.

PETERS, J.—The record and bill of exceptions in this case show the following facts : The appellee, Gideon Stephen, gave notice to " John G. Lagrove, constable, and J. F. Monts, his surety on his official bond as such constable, that, on Saturday the 11th day of January, 1862, before Sidney W. Blackburn, a justice of the peace in and for Perry county, at his office in said county, that he would move for a summary judgment against him, for a sum not more than twenty nor less than five dollars, for neglecting to return a certain execution issued by Michael Horn, a justice of the peace of said county, upon a judgment obtained before said Horn, justice as aforesaid, on the 8th day of February, 1861, in his (Stephens') favor ; which execution was issued in Stephens' favor, and against John B. Ryan and John G. Lagrove, jr., for the sum of forty-eight dollars and twelve cents, together with the costs of suit, and dated the 9th day of April, 1861, and directed to any legal officer of said county, commanding him that of the goods and chattels of said John B. Ryan and John G. Lagrove, jr., he cause to be made the sum of forty-eight dollars and twelve cents, together with costs of suit, and to make due return thereof to said justice of the peace at the next quarterly term of said Horn's court to be thereafter held on the 1st day of July, 1861, which said execution, after it was issued and before the return day thereof, came duly and regularly into the hands of said John G. Lagrove, as constable as aforesaid, to be executed as required by the mandate thereof; and which execution said Lagrove, constable as aforesaid, wholly neglected and failed to return as required by law." This notice was in writing, signed by said Stephens, and was served on said Lagrove, said constable, and said Monts, his security, on the 4th day of January, 1862.

The parties to said motion on both sides appeared before said justice Blackburn, and the case was heard and tried and the motion was dismissed by him, and plaintiff Stephens was taxed with the costs. This occurred on the 31st

day of January, 1862. From this decision of Blackburn's Stephens appealed to the next term of the circuit court of Perry county in this State, which was held in April, 1862. After the cause had come into the circuit court, it was continued until the May term thereof in 1867, when Lagrove's death was suggested, and the suit was suffered to abate as to him. Both parties appeared and joined in the suggestion of Lagrove's death. After the suit was abated as to Lagrove, a trial was had thereof at the fall term of said circuit court, when it was tried by the court and Stephens obtained judgment against Monts for "five dollars for his damages" and costs.

On the trial in the circuit court, the judgment before the justice Horn, and issuance of execution thereon, was proven as alleged in the notice; and that the execution, after its issuance and before its return, was seen in the hands of the constable Lagrove. It was also proven, that it was sought for by Stephens in the office of said Horn, to which it was returnable, on the 2d and 4th days of July, 1861, but could not be found. There was no proof showing that it ever had been returned, as required by law. All this was done without objection. The plaintiff, Stephens, then offered in evidence the transcript of a bond, in the statutory form of a constable's bond, which purported to have been "signed, sealed and acknowledged" by said Lagrove as constable of said county of Perry, and by said Monts as his security. This acknowledgment was made on the 9th day of March, 1859, "before R. C. Hodges, J. P." In the body of this transcript of said bond it was recited, that said Lagrove had been elected a constable of said county of Perry on the 7th day of March, 1859. There was no approval in writing endorsed on this bond, showing the day and year on which the same "was approved," "signed by the approving officer." There was no endorsement of the time of filing endorsed on said bond as required by law; nor was there any other proof that this bond had ever been approved or filed as the official bond of the constable, Lagrove. Appended to the transcript was this certificate: "The State of Alabama, Perry County. I, James F. Bailey, judge of probate of said county, hereby certify the

above contains a true and correct transcript of the official bond of John G. Lagrove, as the same appears on file in my office. Given under my hand and seal, this 20th day of December, 1861." Signed, " J. F. Bailey, judge." To the introduction of this certified transcript of said bond, the defendant Monts objected, "1st. Because there was nothing on said paper to show that the bond, of which it purported to be a copy, had ever been delivered to, or approved by, said James F. Bailey, judge of probate of said county." 2d. " There was nothing to show that said bond had ever been filed in the probate office of said county within fifteen days after said Lagrove was elected constable as aforesaid." The court overruled this objection, and the certified transcript of the bond was permitted to be read as evidence ; to which defendant Monts excepted. This was all the testimony on the part of the plaintiff Stephens. There was some testimony offered by Monts, that he had not been served with notice of the motion before the justice, which is not material in the view we take of the case.

Judge Bailey's certificate can only prove that the transcript offered was a true and correct copy of the original record of the bond found in his office. It can not prove that the original bond was the official bond of the constable, Lagrove ; that it had been approved ; or that it had been filed at the time and in the manner prescribed by law. But these facts are necessary to be proven, in order to give the bond identity and validity as a statutory official bond. If it was never approved, and never filed as required by law, it is worthless as a statutory bond. Judge Bailey's certificate can not prove these facts, and no other testimony for this purpose was offered. Then the transcript should not have been let in as a statutory bond. In the shape it was offered, it lacked the evidence the law has prescribed of its being such. On the other hand, if it was relied on as a bond good at common law, the original should have been produced, or its absence accounted for, and it should have been shown that it had all the requisites of a common-law bond ; that it had been delivered as such ; or that the constable had acted under it. But nothing of this sort was

done.   Using the language of this court, in a similar case, we say, " to render this bond valid by a common-law obligation, its delivery as a security for the discharge of the duties of the office of constable was necessary ; and to bring it within the influence of the regulations applicable to official bonds, so as to authorize a suit in the name of the person injured, it must not only have been delivered, but the principal must have acted under it as constable." The proof of these important facts having been omitted, the objection of defendant below should have been sustained.   A less stringent construction of the statute than this, will soon render its important provisions uncertain and worthless.   It is not to be presumed, in this court, that any officer of the State neglects his duties, or that he is incompetent to discharge them ; and as the bond offered in proof does not show that it was ever approved and filed, as prescribed by law, the presumption in these particulars is against it.   This presumption must be removed, before it can be treated as a statutory bond. —Rev. Code, 157, 158, 168. 165, 171, 175, 3275, 3266 ; *Sprowl v. Lawrence*, 33 Ala. 674, 693, and cases cited in appellant's brief ; 1 Greenl. Ev. § 82, 84 ; 1 Phill. Ev., C. & H. notes, 567 ; Revised Code, § 2695.

The objection, that the defendant, Monts, was not made a party to the proceedings before the justice, is not sustained by the record ; and his appearance, by attorney, in the circuit court, would cure this defect, if it existed. The bond shows that it was joint and several.   In such a case, the death of Lagrove does not abate the suit as to other defendant.   These questions are only referred to, to show that now they are of no importance in this suit.—Revised Code, § 2546 ; 25 Ala. 534, 563 ; 22 Ala. 116 ; 28 Ala. Rep. 36.

If the bond has validity only as a common-law bond, then it may be well doubted whether the proceeding should not be by common law, and not by motion.

The judgment below is reversed, and the cause remanded for a new trial.