## MOORE *vs.* DICKERSON.

[JUDGMENT BY DEFAULT ON VOID ATTACHMENT.]

1. *Appearance, general ; what is not, and can not have effect of.*—An appearance of a defendant by motion to dissolve an attachment is not a general appearance, and can not have the effect of one.
2. *Judgment by default, entry of ; when will be treated as clerical error.*—A judgment entry that the parties came by their attorneys, will be treated as a clerical error on appeal, when the bill of exception shows that the defendants made default.
3. *Attachment ; when premature and void.*—An attachment issued on the 9th day of November against one who had agreed to deliver cotton that fall is without authority of law and void, the obligor not being in default until the expiration of the fall, and the demand not being a debt.

APPEAL from Circuit Court of Lowndes.
Tried before Hon. J. Q. SMITH.

The appellee commenced this suit by attachment, and the appellant, by motion entered on the motion docket, applied to the court for a rule upon the plaintiff to show cause why the attachment should not be dissolved, on the ground that it had issued before the maturity of his obligation, in a case not so provided for by law.

The plaintiff, resisting this motion, exhibited a contract dated March 3d, 1868, by which the defendant agreed to deliver to her "five bales of cotton of five hundred pounds each next fall." The attachment was issued November 9th, 1868.

The affidavit, bond, attachment, its levy, the complaint and the contract constituted all the evidence, and upon this the court overruled the motion. The plaintiff afterwards obtained a judgment, the entry of which recites that the parties came by attorney. The bill of exceptions, however, states that the defendant entered no other appearance than by his motion to dissolve the attachment.

The errors assigned are—

1st. Overruling the motion to dissolve the attachment.

2d. The judgment rendered.

FITZPATRICK & WILLIAMSON, for appellant.

GEO. S. COX, contra.

B. F. SAFFOLD, J.—An appearance by motion of a defendant to dissolve an attachment is not a general appearance, and can not have the effect of one.—Rev. Code, p. 815, Rule 1 ; Lampley v. Beavers, 25 Ala. 534 ; Nabors v. Nabors, 2 Port. 162.

The judgment in this case, as is shown by the transcript, ought to have been by default. The error in this respect, under the circumstances, must be regarded as clerical, and, therefore, not reversible, but the appellant must have the benfit of the proper judgment.

The cause of action is not a debt, to enforce the collection of which an attachment may issue before it is due.— Rev. Code, § 2927 ; Bozeman v. Rose, 40 Ala. 212. The obligation of the defendant was to deliver the cotton during the succeeding fall. The attachment was issued November 9th, 1868, before he was in default.—Add. on Contracts, 1133. It was therefore void.

A judgment by default, predicated on a void attachment, is void.—Flash, Hartwell & Co. v. Paul Cook & Co., 29 Ala. 141 ; Mathews, Finley & Co. v. Sands & Co., ib. 136 ; Stevenson v. O'Hara, 27 Ala. 362.

The judgment is reversed and the cause remanded.