# Schamagel v. Whitehurst.

*Statutory Trial of the Right of Property.*

1. *Statutory trial of the right of property; evidence of levy of attachment.*—In a statutory trial of the right of property between the plaintiff in attachment and a third person as claimant, when plaintiff introduces evidence tending to show the property belonged to the defendant debtor, and also introduces in evidence the affidavit and bond made by claimant, which recited the levy of the attachment on the property at the suit of plaintiff against the defendant, the plaintiff makes out a *prima facie* case, and it is unnecessary for him to introduce additional evidence to show the levy of the attachment; the recitals of claimant's affidavit and bond estopping him from denying the making of the levy.

2. *Same; when property subject to levy and sale.*—In a statutory trial of the right of property, it is shown that the claimant, who owned a saw mill, and the defendant bought timber together; that the defendant hauled the timber, and by agreement with the claimant, who sawed it, it was divided equally among them; that each owned a kiln, and as the lumber was divided, the share of each was removed to his own kiln; that the lumber levied upon had been set apart to the defendant in attachment as his share, and was, at the time of the levy, at his own kiln. *Held:* That the property was subject to the levy of the attachment, without regard as to whether this lumber had been paid for or not, at the time of the levy.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

The facts of the case are sufficiently stated in the opinion.

ALMON & BULLOCK and JOHN F. JACK, for appellant.—
1. The plaintiff in this cause made out a *prima facie* case. He proved the amount and existence of his debt by Montgomery, and also by the recitals in claimant's bond, and this fact can not be controverted by claimant. *Boswell v. Carlisle*, 55 Ala. 554. He further proved,

that the defendant in attachment was in possession and owned the lumber levied on at the time of such levy.— *Jackson v. Bain*, 74 Ala. 328 ; *Vaught v. Oehmig*, 95 Ala. 906.

2. The claim suit is a separate and independent cause, in which an issue foreign to any involved in the attachment suit is to be formed, and no appeal having been taken by the defendant, it was unnecessary to have in court the original papers, pertaining alone to the suit between the plaintiff and the defendant.—*Rhodes v. Smith*, 66 Ala. 177.

3. The issue and levy of an attachment admitted by the recitals in the claim bond and affidavit, is ample evidence of their existence to sustain the jurisdiction of the court, and estops him from denying the attachment and levy.—*Henderson v. Bank of Montgomery*, 11 Ala. 855 ; *Campbell v. May*, 31 Ala. 567 ; *Mayer v. Clark*, 40 Ala. 259 ; *Guy v. Lee*, 81 Ala. 163.

KEY & HESTER, *contra.*—1. The trial of the right of property is statutory, and the statute must be complied with. The plaintiff is the mover in the proceeding and must show the levy of a valid process on the property claimed. It is a jurisdictional fact that can not be waived, even by the claimant in making affidavit and giving bond, but such valid levy must be affirmatively proven.—*Jackson v. Bain*, 74 Ala. 328 ; *Dollins v. Pollock & Co.*, 89 Ala. 351 ; *Taliaferro v. Lane*, 23 Ala. 369 ; *Nordlinger v. Gordon*, 72 Ala. 239 ; *Braley v. Clark*, 22 Ala. 361 ; *Sandlin v. Anderson*, 76 Ala. 403.

2. There is no evidence to show that there was any attachment, affidavit, bond, writ or levy, and the attachment suit, if there was one, being commenced in a justice court, no presumptions can be indulged in its favor.— *Pettus v. McClannahan*, 52 Ala. 55 ; *Whorton v. Moragne*, 62 Ala. 201 ; 3 Brick. Dig., 587, § 5.

3. Under the evidence in this case, the property claimed was liable to the adjustment of the accounts of the partners among themselves, and also liable to the partnership debts, in priority to individual debts, and claimant had such an interest in, and lien on the property that he could maintain his claim thereto.—*Daniel v. Owens*, 70 Ala. 297 ; *Tait v. Murphy*, 80 Ala. 440 ; *Warren v. Taylor*, 60 Ala. 218 ; *Wilson v. Strobach*, 59 Ala. 488.

COLEMAN, J.—The plaintiff Schamagel began a suit in assumpsit against W. P. Montgomery by attachment, which was levied upon a quantity of lumber, before a justice of the peace, returnable to his court. Appellee, Whitehurst, interposed a claim to the property, made affidavit, and gave bond, as required by the statute, to try the rights of property. The justice of the peace found the issue for the plaintiff in attachment, and condemned the property to the satisfaction of the judgment, which had been rendered in favor of the plaintiff against Montgomery. The claimant obtained a statutory writ of *certiorari*, and the case was brought up to the circuit court for trial. The justice of the peace certified up to the circuit court the affidavit and the claim bond made by claimant and the judgment rendered on the claim, condemning the property to the payment of the judgment against the defendant debtor. On the trial in the circuit court the plaintiff introduced in evidence the transcript from the justice court, and evidence tending to show that the property belonged to the defendant debtor, and rested. The claimant introduced no evidence. The court gave the general charge for the claimant. This is assigned as error.

When a case is brought up by appeal on the statutory writ of *certiorari* from a magistrate's court to the circuit court, the trial is *de novo*.

The plaintiff is the actor, and the burden is on him to show that the property is subject to plaintiff's debt. Until this has been done, the claimant is not required to introduce any evidence.—*Treadway v. Treadway*, 56 Ala. 390; *Rhodes v. Smith*, 66 Ala. 174; 3 Brickell Dig. 776.

The affidavit made by the claimant states that "the lumber had been levied on by attachment by the constable at the suit of Alexr. Schamagel against W. P. Montgomery," &c., and the claim bond recites that "whereas a writ of attachment issued out of the court of Thaddeus M. Mills, J. P., returnable to the next term of the court on second Saturday in December, 1890, placed in the hands of the constable, * * * and by him levied upon the following property," &c.

Neither the debt due from the defendant nor the judgment against him ordinarily can be enquired into, on the issue to try the rights of property. On such a contest the issue is, whether "the property claimed is the

property of the defendant in (execution, or) attachment and liable to its satisfaction."—Code, §§ 3005, 3012, 3366; *Boswell v. Carlisle,* 55 Ala. 565.

That the property had been levied upon by a constable under attachment process in the suit of the plaintiff against Montgomery was an admitted fact shown by the affidavit and claim bond of claimant. It was, therefore, unnecessary for the plaintiff to introduce evidence of the facts admitted in the pleadings. These admissions did not preclude the claimant, if he could, from showing that the writ of attachment or levy was void upon its face. The law is well settled that if a writ of attachment is issued by a person not authorized to issue it, or is void upon its face, from any cause, the claimant may avail himself of such a defect.—*Nordlinger v. Gordon,* 72 Ala. 239, *Jackson v. Bain,* 74 Ala. 328; *Taliaferro v. Lane,* 23 Ala. 369. But when in the affidavit and claim bond, as in the case at bar, a levy is conceded to have been made by an officer authorized to make the levy under an attachment issued by an officer, this court judicially knows had jurisdiction to issue it, the plaintiff is not bound to introduce additional evidence of these facts.

In the case of *Henderson v. Bank of Montgomery,* 11 Ala. 855, it was held that "The claimant is estopped by his bond from denying that a levy was made." The same rule was declared in *Mayer v. Clark,* 40 Ala. 259; *Guy v. Lee,* 81 Ala. 163; and the principle recognized in *Campbell v. May,* 31 Ala. 567.

It is further contended by the appellee, that the charge of the court was justified, because of the failure of the plaintiff to show that defendant, Montgomery, owned such an interest in the property as was subject to levy and sale. On this point the undisputed evidence is, that claimant owned a saw mill, that he and Montgomery bought timber together, that Montgomery was to haul the timber to the mill, and that claimant agreed to saw it into lumber, and then it was to be divided equally between them, that each owned a kiln, and as the lumber was divided, each removed his share to his own individual kiln, that the lumber levied upon had been set apart to Montgomery as his share, and was at his own kiln when levied upon by the attachment. Under this state of facts we do not doubt it was subject to the

attachment, and that without regard as to whether this timber had been paid for or not, at the time of the levy.

Reversed and remanded.