[Sloan v. Hudson, Admx.]

# Sloan v. Hudson, Admx.

|119   27|
|129  430|

## *Statutory Trial of Right of Property.*

1. *Amendment of attachment proceedings on appeal.*—The affidavit and writ of attachment issued by a justice of the peace under the general attachment laws and directed against the estate of the defendant generally, may, on appeal, be amended so as to enforce the landlord's lien for advances on the crop of the tenant.

2. *Sufficiency of justice's judgment.*—An entry on the docket of the justice: "Judgment entered in favor of the claimant for the property attached. Cost of suit taxed against the plaintiff," is a valid judgment, and will support an appeal.

3. *Estoppel of claimant.*—The claimant is estopped by the execution of his claim bond from questioning the validity of the levy.

4. *Denial of plaintiff's debt.*—The claimant cannot deny the existence of the plaintiff's debt as shown by the attachment proceedings.

5. *Notice of landlord's lien.*—Knowledge that the crops were grown on rented land is sufficient notice of the landlord's lien to put a purchaser on inquiry.

6. *Claim suit tried first.*—The claim suit may be prosecuted to trial and judgment without service on the defendant in attachment. Such judgment may be appealed from without a judgment against the defendant.

APPEAL from Anniston City Court.

Tried before Hon. JAMES W. LAPSLEY.

The summons to the defendant on the beginning of the suit was never executed, and defendant did not appear. No judgment was rendered against him in the justice court. With the motion to amend the affidavit for attachment, the plaintiff also moved to amend the attachment writ so as to conform to the proposed amendment to the affidavit, and direct a levy on the crop of defendant, instead of his estate generally.

To these motions the claimant filed objections on many grounds, which may be summarized as follows: Because the court was without jurisdiction of the cause, in that suit was still pending and undetermined in the justice

court; because the proposed amendment would convert the suit from a general into a special attachment, seeking to enforce a claim, as against which claimant had never interposed his claim and given bond; because the amendment would work a change in the cause of action; because the original affidavit and writ were not defective in form or substance, and there was no ground on which to base such amendments, and because it would be the substitution of a proceeding to enforce an existing lien in lieu of an attachment which created a lien by virtue of the levy only. These objections were overruled, and claimant excepted.

The same question was presented by motion to strike. No complaint was filed in the justice court. In the city court a complaint was filed conforming to the amended affidavit. The defendant moved to strike the complaint on the above grounds, and excepted to the overruling of the motion. The motion to discharge the levy was renewed in the city court, and the defendant excepted to the court's overruling the motion. The opinion states the facts relating to the other questions decided.

MATTHEWS & WHITESIDE, for appellant.—There is no such privity of contract between the administrator and the intestate's tenant as will support an action to enforce a landlord's lien.—*Drakford v. Turk,* 75 Ala. 340; *Tucker v. Adams,* 52 Ala. 254. The burden of proof is on plaintiff to show notice to claimant at the time of his purchase.—*Lomax v. Legrande,* 60 Ala. 537; *Wilson v. Stewart,* 69 Ala. 302. The attachment proceedings were not defective in form or substance; there was no room for the operation of the statute relating to amendments; the amendments, so called, were simply a substitution of one kind of action for another.—*Town of Camden v. Block,* 65 Ala. 240; *Baxley v. Segrist,* 4 So. 866; Elliott's Appellate Procedure, 494-5-6; 3 Brick. Dig. 777, S. 19. The judgment of the justice would not support an appeal.—*Wyatt v. Judge,* 7 Bor. 37; *Bray v. Laird,* 44 Ala. 296; *Mabry v. Dickens,* 31 Ala. 243.

CALDWELL & JOHNSON, *contra.*—The claimant is estopped by his bond from denying that a valid levy was made.—*Fryor v. Dennis,* 2 Ala. 144; *Henderson v. Bank,* 11 Ala. 856; *Crosby v. Hutchinson,* 53 Ala. 5; *Schamagel*

*v. Whitehurst,* 103 Ala. 263. The amendments were properly allowed under the statute; claimant could not complain.—*Ind. Pub. Co. v. Press Ass'n,* 102 Ala. 475; *McConnell v. Worms,* 102 Ala. 587; *Robinson v. Holt,* 85 Ala. 596; *White v. Ry. Co.,* 90 Ala. 252; *Dreyfus v. Mayor,* 12 So. 264. The attachment proceedings are conclusive against the claimant as to the plaintiff's debt, and the admission of other evidence was harmless. *Moore v. Penn,* 95 Ala. 200; *Horton v. Barlow,* 18 So. 890; *Ramey v. Peeples, Ib.* 805; *Holmes v. State, Ib.* 529. Notice to claimant of the relation of landlord and tenant was notice of the lien.—*Weil v. McWhorter,* 94 Ala. 543; *Kelly v. Eyster,* 102 Ala. 330; *Atkinson v. James,* 96 Ala. 219; *Overall v. Taylor,* 99 Ala. 16.

BRICKELL, C. J.—This action was commenced by appellee, as administratrix of C. C. Hudson, against one J. W. Land, by attachment before a justice of the peace, on the ground that defendant had fraudulently disposed of his property, and secreted himself, so that the ordinary process of law could not be served upon him. The writ was levied upon two bales of cotton, the levy being made by the city marshal of Oxford, and the cotton levied upon being in the railroad depot at Oxanna. Appellant interposed a claim to try the right of property thereto. Motion was made in the justice's court to discharge the levy, because made by a constable of Oxford, beyond his territorial jurisdiction. The justice granted the motion in the following judgment entry: "Motion sustained and judgment entered in favor of the claimant for the property attached. Cost of suit taxed against the plaintiff." From this judgment the plaintiff appealed to the city court of Anniston. There the plaintiff, the present appellee, filed a motion to amend her affidavit so as to show the relation of landlord and tenant between her intestate and defendant Land, and that the account sued for was for advances, which motion, over objections of appellant was granted, and the affidavit and complaint were accordingly amended. The transcript from the justice's court contains the above entry.

Various motions, objections and exceptions were filed by appellant to the allowance of the amendment.

The statute allows amendments as a matter of right, which do not entirely change the parties, or the subject matter.

The affidavit was defective in substance for the enforcement of the statutory lien, and this was amendable under the statute. The plaintiff had the right to amend her pleadings as would be sustained by the evidence sought to be introduced to make out her case for the enforcement of her lien. Code, §564. The precise point, upon which many exceptions were reserved, has been settled by this court adversely to appellant. Since the statute above, section 564, an attachment issued against the estate can be amended so as to be against the crop and a claimant in the trial of the right of property cannot take advantage of irregularities in the process levied, which do not render it void. *Ellis v. Martin,* 60 Ala. 394.

There is no merit in the contention of appellant that the affidavit and writ were amendable only in the justice's court, nor is the authority cited.—*Town of Camden v. Bloch,* 65 Ala. 236—in point. That case was taken up on a common law writ of *certiorari* where only matters of law apparent on the face of the record are revisable; but where an appeal is taken to the circuit or city court the rule of procedure is different.

The case when appealed to the city court, was triable *de novo.* Code, §488. The levy of the attachment created a lien on the property (Code, §548), and this lien continued until final judgment. The lien having been created by the levy, it was certainly for the city court to allow plaintiff to state in the pleadings the facts upon which said lien was based; and especially when the specific property levied upon was such as was subject to a statutory lien, it cannot be said that appellant was prejudiced by allowing an amendment seeking the condemnation of the specific property, instead of the estate of the defendant generally. The question is, whether or not the property claimed is the property of the defendant, and liable to the satisfaction of the writ. The issue between plaintiff and the claimant was not changed by the allowance of the amendment. Code, §4142.

There is nothing in the objection that there was no judgment before the justice of the peace to appeal from. The foregoing entry was as clear a judgment as is required in proceedings before a justice. There was an adjudication in favor of claimant and against plaintiff, and a recital which would have supported an execution for costs.

Whether the levy of the attachment was valid or not, is immaterial. The execution of the claim bond estopped appellant from denying the levy. *Schamagel v. White-hurst,* 103 Ala. 260; *Mayer v. Clark,* 40 Ala. 259; *Guy v. Lee,* 81 Ala. 163.

Nor is there merit in the objection that the attachment suit was not tried before the claim suit, consequently it is immaterial whether service was had on defendant or not, so far as appellant's rights are concerned. The attachment suit could not proceed to final judgment until the claim suit was determined. *Abraham v. Nicrosi,* 87 Ala. 173; *Moore v. Dickerson,* 44 Ala. 485; *Lampley v. Beavers,* 25 Ala. 534.

The attachment suit was for $64.55 for advances made by plaintiff as landlord to defendant Land, under section 2703 of the Code. The attachment was sued out by one W. G. Mangham, as the agent of appellee. Against appellant's objection, Mangham was permitted to testify that Land had a pass book with the items of the account and that he went over it with him, and that Land admitted that he got the items entered on said book. Ordinarily this evidence would be *res inter alios acta,* but in this case appellee having introduced the attachment, it was sufficient evidence of her debt, and could not be questioned by the claimant, appellant. *Pulliam v. Newberry's Adm.* 41 Ala. 168; *Moore, Marsh & Co. v. Penn & Co.* 95 Ala. 200.

The cotton in controversy was purchased from defendant by one J. W. Mason, as the agent of appellant. There is some discrepancy in the testimony as to whether or not Mason knew of plaintiff's claim, he having on a previous occasion purchased cotton from Land; but it is shown by the witness J. G. Hudson, and not denied by Mason, that on the day these two bales were purchased, and while Hudson was in Mason's office, Land came in with samples of cotton, offering it for sale, when Hudson notified him that Land was a tenant on his brother's (plaintiff's intestate's) place. This was sufficient notice to put him on inquiry. *Kelly v. Eyster,* 102 Ala. 325.

This case was tried without the intervention of a jury, and we think the evidence was sufficient to sustain the city court in the conclusions reached, and its judgment is therefore affirmed.