# Rogers *v.* Bailey & Bro.

## *Trial of the Right of Property.*

1. *Deeds of assignment; operative when and on what.*—Deeds of assignment are not operative under our statutes until delivery to the probate judge for the purpose of filing and recording; and then only as to the property included in the deed which is situated in the county where the delivery for recording is made.

2. *Execution; when should not issue on judgment in claim suit.* When judgment is rendered for the plaintiff in trial of the right of property between plaintiff in attachment and claimant, the judgment should not provide for the issuing of execution in advance of the return of the claim bond forfeited. But if the record shows that judgment has already been rendered in the original attachment suit, judgment of condemnation of the property in the claim suit is not improper.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

W. E. Bailey & Bro. sued out an attachment against W. D. Harkness and caused it to be levied on property as the property of the defendant. John A. Rogers interposed a claim by making affidavit and giving bond as required by law. Trial of the claim suit was had and judgment rendered for the plaintiffs. The judgment entry, after amendment *nunc pro tunc*, provided that certain property levied on be condemned to the satisfaction of plaintiff's judgment and that execution issue. The claim bond had not been returned forfeited. The other facts are stated in the opinion.

McEACHIN & SMITH, for appellant.

R. M. DOUGLAS, *contra*.

DOWDELL, J.—This is a case known under our practice as a statutory claim suit. A trial of the right of property levied on between the plaintiff in attachment and the claimant as assignee of the defendant in attachment. The issue as made up under the direction of the court is, whether the property in dispute was subject to the levy. The material question in the case turns upon the construction of the act of Feb. 15, 1895, (Session Acts 1894-5, p. 814), and which now forms section 1004 of the Code.

The undisputed facts are, that the defendant in attachment carried on a merchandise business in Gainesville, Sumter county, and at Faunsdale, Marengo county, having a store and stock of goods at each place. On Dec. 26, 1897, he executed a deed of assignment to the claimant Rogers, embracing in the assignment both stocks of goods. The deed of assignment was filed with the probate judge of Sumter county on Dec. 28th, 1897, but was not filed with the probate judge of Marengo county until some time in February, 1898. The plaintiff's attachment was sued out and levied on the stock of goods at Faunsdale in Marengo county on Dec. 28th, 1897, the day on which the deed of assignment was filed with the probate judge of Sumter.

The statute provides that deeds of this character shall as soon as executed, be filed and recorded in the office of the judge of probate of the county in which the property is situated, and are operative from the day of the delivery to the judge. The fair and reasonable interpretation of the statute is, that such deeds are not operative until delivery to the probate judge for the purpose of filing and record, and then only as to the property included in the deed, which is situate within the county where the delivery for the filing and record of the deed is made. If the deed embraces property situate in two or more counties, then it is essential to file and record the deed in each of said counties, to make it operative as to the property in the respective counties, otherwise, it would

only be operative in the county or counties where filed. And it does not become operative upon the property in the county, until delivery to the probate judge of that county. This being our construction of the statute the lien acquired by the levy of the attachment was prior to the title acquired by the claimant under the deed of assignment. With this view of the case it is unnecessary to consider the other assignments of error as to rulings upon evidence, for if there was error, it was error without injury, the undisputed facts being as above stated.

The judgment of the court as amended *nunc pro tunc,* was in all respects regular, except in that it ordered the issuance of an execution in advance of the return of the claim bond forfeited. The record shows that judgment had already been rendered in the original attachment suit, and therefore the judgment of condemnation of the property in this suit was not improper.—*Roberts v. Burgess,* 85 Ala. 192. The judgment will be here corrected in respect to the ordering of the execution to issue before the return of the claim bond forfeited, and as corrected affirmed.