# Schloss *v.* Inman, Smith & Company.

## *Statutory Claim Suit.*

1. *Deed of assignment invalid until recorded.*—A deed of assignment executed by a debtor for the benefit of creditors passes no title to the assignee until the same is filed for record in the office of the probate judge as required by the statute (Code, § 1004).

2. *Statutory claim suit; admission of indebtedness and levy of attachment.*—By the interposition of a claim suit under the statute (Code, § 4141), where an attachment has been levied the claimant is held to admit both the indebtedness claimed by the plaintiff in attachment and the fact that a levy was made.

3. *Same; issue.*—Under a statutory claim suit (Code, § 4142), the only issue for the jury is whether or not the property claimed is that of the defendant in the writ and liable to its satisfaction.

4. *Same; charge ex mero motu upon the effect of evidence; error without injury.*—While a charge given without request of either party in the following language: "I charge you whether you believe the evidence for the plaintiffs or the claimant you must find for the plaintiffs," is improperly

[Schloss v. Inman, Smith & Company.]

given under the statute (Code, § 3326), it is error without injury when the plaintiffs' right to recover is established either by record evidence or admitted facts so as not to depend upon the credibility of oral testimony.

5. *Same; inventory attached to levy; evidence.*—When an inventory is attached by the sheriff to a levy of an attachment and made a part thereof it is competent evidence in a. claim suit instituted to determine the rights of the parties to the property levied upon.

6. *Same; same; evidence of value of goods attached; witness' knowledge of value of property; objection.*—A witness who helped to make an inventory of a stock of goods levied upon under an attachment who has knowledge of the value of a portion of the same, though not of others, can state what the value of the stock as a whole was as shown in the inventory as against objection that the testimony rather than the witness was incompetent.

7. *Same; evidence of witness; error without injury.*—Where the testimony of a witness relates to no material fact in issue, the rejection of an offer to show the accuracy of his memory is without injury.

8. *Same; separate valuation; when unnecessary.*—The object of the statute (Code, § 4143), requiring the jury in a claim suit to asses the separate value of each article claimed, is to enable the claimant to return the property either in whole or in part; and if the claimant had disposed of all the goods before the trial, he is not prejudiced by a failure to assess the separate value of each article.

APPEAL from the Barbour Circuit Court.

Tried before the Hon. A. A. EVANS.

This was a statutory claim suit. Appellant claimed title by virtue of an assignment made to him by J. Oppenheimer for the benefit of creditors. Appellees claim under an attachment issued and levied at their instance against said Oppenheimer. The assignment was executed between five and six o'clock of the afternoon of December 28th, 1896, was delivered at once to appellant by the assignor, together with the key to the store in which the property assigned was situated. The deed of assignment was filed for record in the probate office at nine o'clock on the morning of December 29th, 1896. The question presented was whether the assignment or plaintiff's attachment had priority. The evidence for the plaintiff tended to show that the sheriff went into

the storehouse of the defendant Oppenheimer on the afternoon of December 28th, 1896, with the writ of attachment in plaintiff's favor, and failing to get the money for the same, levied upon the goods in controversy by announcing a levy thereon, naming the goods, and making an inventory of the same. That afterwards appellant came in and he and said Oppenheimer executed a paper the character of which was unknown to the officer, that Oppenheimer then gave to appellant a key to the store, and appellant announced that all the goods except certain clothing not involved here, had been sold to him. That the sheriff never moved any of the goods, but appellant agreed to keep the same as bailee for the officer.

The testimony for the claimant tended to show that before any attempt to levy was made, he and said Oppenheimer spread out the deed of assignment under which appellant claimed title and were in the act of executing it when the sheriff said: "I notify you that whatever paper you sign will be subject to my levy;" whereupon he was asked by the attorney for appellant and Oppenheimer upon what he levied, and the officer replied upon the entire stock; that he was notified if he levied upon so many goods for a three hundred dollar claim his bond would be held liable for an excessive levy; that the deed was then executed and delivered and the key of the store handed appellant, who asserted title to the goods described in the deed; that after this the officer announced that he would levy upon all the goods upon the east side of the store down to the telephone, which are the goods in controversy, but he never interfered with them, or removed the same, though he demanded the key of appellant, which appellant declined to surrender; that appellant refused to hold the goods as bailee of the officer; that all parties left the store. Appellant locked the door and kept the key, and denied the superiority of the levy over his title. It was further shown that on the next day other attachments were levied upon the entire stock, and that the sheriff then took possession under the levy in this and other cases and made an inventory of the goods, and then appel-

lant retook possession by executing claim bonds in each case.

The claimant offered the testimony of one Pierce as to some of the facts above stated, and then offered to prove that the witness remembered the circumstances detailed by him because at the time he was cautioned not to forget as he might be a witness, but the court refused to allow such testimony, and the claimant excepted.

Plaintiffs offered the evidence of one Brown, a deputy sheriff, as to the value of the goods in suit. He testified that he did not make the levy in this case, but took possession of the entire stock under this, and other attachments, and had an inventory taken; that the inventory was taken by other parties, but under his supervision; that he was in and out of the store while the same was being taken, but did not take down any of the goods or fix the value upon the same; that he clerked in the store at one time and knew the value of some of the goods, but others he knew nothing about. This witness testified that the value of the goods was that shown by the inventory attached to the sheriff's return. Plaintiff then offered said inventory in evidence. Claimant objected to the introduction in evidence of this inventory because illegal, and because it was not shown to have been made by the witness and was not competent evidence of value. The court overruled the objection, allowing the inventory with the value of each article as stated therein in evidence The separate value of each article of the goods levied upon was not shown except as the same appeared upon the inventory made by the sheriff, but the evidence disclosed without conflict that the claimant had disposed of all the property before the trial.

The court at the request of the plaintiffs in writing gave the affirmative charge for the plaintiffs. The jury retired, but afterwards returned and stated to the court that its charge was not understood, and the court repeated the general charge to find for the plaintiff if they believed the evidence, whereupon one of the jurors asked if they did not believe the evidence could they find for the claimant, and the court responded: "I charge you whether you believe the evidence for the plaintiffs or

the claimant, you must find for the plaintiffs." To this action of the court claimant excepted. There were verdict and judgment for plaintiffs, and claimant appeals, assigning the various rulings of the court on the admission of evidence and instructions to the jury as error.

S. H. DENT, JR., for appellant.—(1.) Where the burden is upon plaintiff and his testimony oral and not admitted, the jury have the right to find against him, if they believe the evidence.—*Seibold v. Rogers*, 110 Ala. 438; *A. G. S. R. R. Co. v. McAlpine*, 80 Ala. 73; *Davidson v. Woodruff*, 63 Ala. 435; *Stuart v. Russell*, 38 Ala. 619; also 85 Ala. 123; 82 Ala. 83; 111 Ala. 579; 79 Ala. 273; 25 Ala. 465; 18 Ala. 650; 115 Ala. 396; 16 Ala. 318; 13 Ala. 713; 9 Porter, 39; 7 Porter, 250; 22 So. Rep. 471; 95 Ala. 324. (2.) The separate value of each kind or article must be ascertained by the jury in a claim suit where the goods are of different kinds.—Code, § 4143; *Avery v. Perry Mfg. Co.*, 96 Ala. 406, and authorities cited. (3.) A witness not an expert may testify to the value of personal property, but if he has no knowledge of the property his testimony is incompetent.—*Pollock v. Gault*, 69 Ala. 373. (4.) An inventory made by a levying officer is *res inter alios acta*, and no evidence of value.—*Claflin v. Rodenberg*, 101 Ala. 213. (5.) The testimony of a witness as to how his recollection was impressed with facts to which he testifies is competent as part of the *res gestae*.—*Benjamin v. Wolfe*, 93 Ala. 290. (6.) Where the evidence is in conflict or different inferences may be fairly drawn from the same state of facts or where there is any evidence tending to establish other party's case, the affirmative charge should never be given.—*Brownley v. Birmingham, etc., R. R. Co.*, 95 Ala. 397. (7.) To constitute a valid levy the officer must have a view of the property and assert such dominion over it which but for the process would make him a trespasser, and if he makes a valid levy but leaves the property without reducing it to possession either by removing it, or leaving it in the custody of the bailee it will be treated as abandoned.—*Inman v. Schloss*, 122 Ala. (8.) To constitute a valid levy upon the personal

[Schloss v. Inman, Smith & Company.]

property the officer must not only have the same within his power and control, but must take the same into possession within a reasonable time, and in an open and unequivocal manner, so as to apprise everybody that it has been taken on execution, and a distinct description must be entered on the writ in its lifetime.—*Davidson v. Waldron,* 33 Am. Dec. 296 and notes; *Chrisman v. Dorsey,* 4 L. R. A. 664; *Toulmin v. Lesesne,* 2 Ala. 359; 11 Am. & Eng. Encyc. of Law, (2d ed.), 665-C; Code, § 1902.   (9.) The statement in the return of the goods levied upon is conclusive upon the officer and the parties to the writ.—*Governor, etc. v. Bancroft,* 16 Ala. 605; *McClellan v. Singliff,* (Pa.) 42 Am. Dec. 224.   (10.) A mere "pen and ink" or "paper" levy is invalid.—*Chrisman v. Dorsey, supra.* (11.) As against a valid assignment a subsequent attaching creditor cannot claim priority.— Note 26 L. R. A. 593.  (12.)  Prior possession by the assignee and actual notice gives the assignment priority over an attachment though the former is not recorded. *Clark v. Word,* 12 Gratt. 440; *Danzer v. Mundy,* 4 Roberts 26; *Van Hood v. Walton,* 28 Tex. 73; *American v. Frank,* 62 Iowa, 202; *Bank v. Milling Co.,* 95 Ky. 97. (13.) A reasonable time must be allowed for record, if record is required.—*Wise v. Winner,* 23 Mo. 237.

A. H. MERRILL, P. B. McKENZIE and G. L. COMER, for appelles.—No brief came to the hands of the reporter.

SHARPE, J.—Upon the former appeal in this case it was held in effect that the evidence showed without conflict that the levy of the plaintiffs' attachment was prior to the delivery of the deed of assignment to the claimant.   This fact, without reference to the time when the deed was filed for record, appears to have furnished the controlling reason for the conclusion then reached that the jury should have been charged affirmatively in favor of the plaintiffs according to their request.   Since that decision, section 1004 of the Code has been a subject of consideration in this court in two other cases, wherein it was construed as requiring deeds of assignment to be delivered to the probate judge for record in order to become operative.—*Rogers v. Bailey,* 121 Ala.   314;

*Reeves v. Estes*, 124 Ala. 303. If there be any material difference between the evidence adduced on the former trial and that appearing in this record touching the time of levy with reference to delivery of the deed to the claimant, still there remains and appears in the claimant's evidence the undisputed facts that Oppenheimer, the defendant in attachment, owned the goods when levied on unless he had been previously divested of ownership, by the deed. As shown by the sheriff's return as well as by other uncontradicted evidence, the levy occurred on December 28th, 1896, which was the day before the deed was delivered to the probate judge and, therefore, the deed became operative. The existence of the plaintiff's debt as well as the fact the attachment was levied, the claimant, by assuming the position of claimant in the attachment suit, is held in legal effect to admit.—*Schamagel v. Whitehurst*, 103 Ala. 260; *Sloan v. Hudson*, 119 Ala. 27. The only issue for the jury to try was whether the property claimed was the property of the defendant in the writ and was liable to its satisfaction.—Code, § 4142; *Schamagel v. Whitehurst, supra*. Upon this issue the plaintiffs were for the reasons stated entitled to have the jury instructed affirmatively in their favor according to the charge requested by them in writing.

The court in response to a statement by the jury that they did not understand the charge, said: "I charge you whether you believe the evidence for the plaintiffs or the claimant you must find for the plaintiffs." This was a charge upon the effect of evidence, and being given *ex mero motu*, was improperly given in view of section 3326 of the Code, which provides that the court "shall not charge upon the effect of the testimony, unless required to do so by one of the parties." But the facts entitling the plaintiffs were respectively established either by record evidence or were admitted so as not to depend on the credibility of oral testimony, and were such as made a verdict for the plaintiffs the only one which properly could have been found. Such being the case it is legally impossible that the jury in finding for the plaintiffs were improperly influenced by the oral charge and, therefore, it furnishes no ground for reversal.

[Schloss v. Inman, Smith & Company.]

The plaintiff's purpose in introducing in evidence the inventory of goods levied on does not appear to have been stated. It was shown to have been a part of the sheriff's return of levy, and treating it as such there was no reversible error in refusing to exclude it.—*Mayer v. Clark,* 40 Ala. 259. It was admissible on the subject of values in connection with and as part of the testimony of the witness Brown which was to effect that he helped to make the inventory and that the values of goods were as stated thereon. Apart from such testimony and as independent evidence, the statement of values contained in the inventory being but the *ex parte* statement of the officer would have been inadmissible.—*Roswald v. Hobbie,* 85 Ala. 73. Brown having shown himself acquainted with the character and value of part of the stock, was competent to testify to the value of that part. This he did in effect in stating the value of all the goods to be as shown by the detailed statement in the inventory, and the fact that he lacked knowledge of some articles inventoried did not render his testimony subject to the objection which was made to it as a whole, and which was upon the ground that the testimony, and not the witness, was incompetent.

The testimony of the witness Pierce went to no material fact in dispute. The rejection of the offer to show the accuracy of his memory was without injury.

The object of the statute requiring the jury on the trial of a claim suit to assess the value of the articles separately is to enable the claimant to return the property in part if he cannot in whole, and so relieve himself and the sureties on the forthcoming bond from liability thereon *pro tanto.* The claimant having sold all the goods before the trial presumably had disabled himself to return any part of them, and was not prejudiced by the fact that the articles were not separately assessed.

The judgment will be affirmed.