(75 South. 917)

POPE v. GLENN. (5 Div. 657.)

(Supreme Court of Alabama. May 17, 1917.)

1. EXECUTION ⟨Key⟩193—CLAIM BY THIRD PERSON—QUESTION FOR JURY.

In a statutory claim suit by a third person for property levied on under execution, the only issue for the jury was whether the property belonged to defendant in the writ, and was liable to its satisfaction.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 570.]

2. EXECUTION ⟨Key⟩193—CLAIM BY THIRD PERSON—EFFECT—ADMISSIONS.

Where a third person claimed property levied on under execution, her claim admitted in legal effect the existence of plaintiff's debt and the levy for the collection of the same.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 570.]

3. TRIAL ⟨Key⟩83(1)—OBJECTION TO EVIDENCE—SUFFICIENCY.

In a statutory claim suit, counsel's statement that plaintiff had a judgment, and that execution had issued on it was not a sufficient objection to testimony inquiring into the foundation of plaintiff's claim.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 193–198, 200–209.]

4. EXECUTION ⟨Key⟩194(2)—CLAIM BY THIRD PERSON—ADMISSION OF EVIDENCE—OWNERSHIP.

Where goods in dispute in a statutory claim suit were clearly intended for sale in business conducted by claimant, it was proper to allow claimant to show circumstances tending to show her ownership of the business.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 571.]

5. TRIAL ⟨Key⟩252(5)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In a statutory claim suit, an instruction that it made no difference to whom the business conducted by claimant belonged if the jury believed that property belonged to defendant was properly refused in view of the proof that claimant owned the business and that the goods in controversy were bought for use in the business.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 600.]

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

S. H. Pope, having recovered judgment against John Glenn, had execution issued on said judgment and levied on a lot of goods shipped by Lowe-Samford Grocery Company to John Glenn at Goodwater, Ala. Mattie Glenn, wife of John Glenn, interposed a claim to the property, and recovered judgment therefor, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The charge referred to in the opinion is as follows:

I charge you, gentlemen of the jury, that it makes no difference whose business it is that has been conducted in Goodwater, if you are reasonably satisfied that the property in controversy in this cause is the property of John Glenn.

John A. Darden, of Goodwater, for appellant. Riddle & Riddle, of Talladega, for appellee.

SAYRE, J. [1-3] Statutory claim suit. It is true of course that the only issue for the jury to try was whether the property claimed was the property of the defendant in the writ and liable to its satisfaction; that claimant, by interposing her claim, admitted in legal effect the existence of plaintiff's debt and the levy for the collection of the. same (Schloss v. Inman, 129 Ala. 424, 30 South. 667), and that the question put by the claimant to the witness Pope on cross-examination in regard to the date of the debt for which plaintiff had recovered judgment seemed to evince a disposition to inquire into the foundation of the plaintiff's judgment; but all this, as a basis of error, is answered by the fact that plaintiff made no objection to the question. A statement by counsel that plaintiff had a judgment, and that execution had issued on it, was not an objection taking the ground that the question offended

against the principles stated above, and the court's direction to the witness to answer the question, on the asking of which counsel made the statement and which was in fact the only question answered, cannot be held for reversible error.

[4] Since the goods in dispute were very clearly intended for use and sale in the business conducted by claimant, the court thinks there was no error in allowing claimant to adduce evidence of some circumstances which tended to show her ownership of the business.

[5] The charge was properly refused. In view of the proof that claimant owned the business conducted by her and that the goods in controversy were bought for use and sale in the business, the charge had a tendency to confuse and mislead the jury to the belief that the evidence going to sustain the proposition of claimant's ownership of the business was of no account in the case. It was for this reason refused, without error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.